In re: **Thomas K. MORGAN, Debtor.**

**Thomas K. MORGAN, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., as Receiver for Heritage Bank; Bank of America, NT & SA; Merchants Recovery Services, Inc.; and Household Finance Corp., Appellees.**

**BAP No. CC–91–2288–JVP.**

**Bankruptcy No. LA91–83895–LF.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted July 22, 1992.

Decided Jan. 12, 1993.

148

Carl F. Agren, Orange, CA, for Thomas K. Morgan.

Paula Scotland, Newport Beach, CA, for FDIC (as Receiver of Heritage Bank).

Before JONES, VOLINN and PERRIS, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge.

### FACTS

On or about June 9, 1986, the Federal Deposit Insurance Corporation, as receiver for Heritage Bank ("FDIC"), obtained a judgment against debtor Thomas Morgan ("Morgan") in the amount of $53,174.18. After recording an abstract of judgment, the FDIC initiated a proceeding in California state court to levy on real property owned by Morgan.

On February 21, 1990, the California court held a show cause hearing to determine whether an execution sale should be held. Morgan appeared at the show cause hearing and argued for a homestead declaration which would prohibit the sale, but presented no evidence to support that position. The state court granted Morgan additional time to submit evidence in support of his homestead declaration.

Morgan did submit evidence, but at a subsequent hearing the state court determined that the evidence was insufficient to support Morgan's homestead declaration and ordered the property sold. Morgan appealed that decision and the California Court of Appeals affirmed, finding that Morgan had failed to satisfy his burden of proving a homestead even though the state trial court had "bent over backward" to accommodate him.

The FDIC calendared a trustee's sale of the property, but that sale was stayed when Morgan filed a petition under Chapter 11 of the Bankruptcy Code [1] on July 19, 1991. In conjunction with the bankruptcy petition, Morgan filed a schedule A–2 (creditors holding security) on which he listed the subject real property. Morgan listed the property as having a value of $165,000 and the encumbrances on the property (including that of the FDIC) as totaling $285,-000. Morgan also filed a schedule B–4 (property claimed as exempt) on which he listed the subject property and claimed a homestead exemption of $100,000.

On or about September 6, 1991, Morgan filed a motion to avoid judicial liens in which he sought to avoid, *inter alia,* the FDIC lien. On or about September 20, 1991, the FDIC filed an opposition to the motion in which it argued that the state court order concluding that Morgan was not entitled to a homestead exemption should be given full faith and credit.

At a hearing on October 1, 1991, the court denied the relief requested by the motion because (1) it was not supported by competent evidence, (2) it did not appear that Morgan was entitled to a homestead exemption, and (3) the state court determination that Morgan was not entitled to a homestead was entitled to full faith and credit.

Morgan subsequently filed a motion for reconsideration, which the court denied. Morgan then filed a timely notice of appeal.

### ISSUE

A. Whether the failure of a party in interest to timely object to Morgan's claim of exemption results in the exemption being valid by default.

B. Whether the default validation of Morgan's exemption prevents the FDIC from challenging the validity of the exemption in defense of a motion to avoid its lien.

---

**1.** All references to the Bankruptcy Code or to "sections" are to 11 U.S.C. §§ 101–1330. References to the Bankruptcy Rules are to Fed. R.Bankr.P. 1001–9035.

C. Whether the trial court correctly determined that Morgan was barred from relitigating the validity of his claimed exemption.

## STANDARD OF REVIEW

 Resolving the first two issues identified above requires us to interpret Bankruptcy Code § 522. We review questions of statutory construction *de novo*. *See In re Rubottom,* 134 B.R. 641, 643 (9th Cir. BAP 1991). We also review *de novo* the trial court's ruling on the availability of *res judicata* as to both claim and issue preclusion. *See Guild Wineries and Distilleries v. Whitehall Co.,* 853 F.2d 755, 758 (9th Cir.1988).

## DISCUSSION

The case at bar involves an analysis of the interplay between subsections (f) and (1) of Bankruptcy Code § 522 and Bankruptcy Rule 4003(b). Section 522(f) provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien....

11 U.S.C. § 522(f). Section 522(*l*) requires that the debtor file a list of property in which the debtor claims an exemption and provides that unless a party in interest objects to a claim of exemption, the property claimed exempt is exempt. 11 U.S.C. § 522(*l*). Rule 4003(b) gives parties in interest 30 days from the date of the § 341 meeting to file objections to a claim of exemption.

We must first determine whether Morgan had a valid homestead exemption under § 522(*l*). We must then determine whether Morgan may use § 522(f) to avoid the FDIC's lien. *See In re Galvan,* 110 B.R. 446, 450 (9th Cir. BAP 1990) (establishing two-step process for determining

lien avoidance under § 522(f)(1)). Finally, we must decide whether the trial court erred in ruling that the state court judgment denying Morgan a homestead exemption prevented him from asserting the exemption as a basis for avoiding the FDIC lien.

### A. Validity of Exemption by Default

After the briefing of this appeal was complete, the Supreme Court decided *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). *Taylor* resolved a split of authority regarding whether a claim of exemption to which no timely objection is filed automatically results in the property being exempt from inclusion in the bankruptcy estate, —— U.S. at ——, 112 S.Ct. at 1648, and resolves the first issue presented by this appeal.

In *Taylor,* the debtor filed a list of exempt assets as required by § 522(*l*) and included the proceeds of a sexual discrimination lawsuit against a former employer. *Id.* at ——, 112 S.Ct. at 1646. Neither the bankruptcy trustee, Robert Taylor, nor any creditor objected to the exemption within 30 days after the conclusion of the § 341(a) meeting of creditors as required by Bankruptcy Rule 4003(b). *Id.* at ——, 112 S.Ct. at 1647. There clearly was no basis for the claimed exemption under federal or state law except for a small portion of the recovery. *Id.*

After the debtor obtained a $110,000 settlement, Taylor sought to recover part of the proceeds from the law firm that had represented the debtor.[2] The firm responded that the settlement proceeds were not property of the estate because the debtor had claimed them exempt and that claim had not been challenged. The bankruptcy court sided with Taylor and the district court affirmed, but the Third Circuit Court of Appeals reversed. The court of appeals held that the settlement proceeds were exempt because the debtor's claim of exemption had not been timely challenged. *Id.*

---

**2.** The debtor appears to have signed over the bulk of the settlement to the firm, Freeland & Kronz, as payment for its fees.

The Supreme Court granted certiorari and affirmed.

■ The Court noted that Bankruptcy Code § 522(*l*) provides that "[u]nless a party in interest objects, the property claimed as exempt ... is exempt." The Court further noted that Bankruptcy Rule 4003(b) only gives the trustee 30 days after the conclusion of the meeting of creditors to file an objection to a claimed exemption. *Id.* The Court concluded that because Taylor had not objected to the exemption within the 30 day period, he "cannot contest the exemption at this time whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 1648. Under *Taylor,* even an exemption claim that is totally baseless will result in the property at issue being exempt if neither the trustee nor another party in interest timely objects to the exemption.

In the case at bar, Morgan's list of exempt property included a homestead exemption for his residence. No party in interest objected within the time allowed by Bankruptcy Rule 4003(b). Under *Taylor,* even though Morgan may not have had a good faith basis for claiming it, his homestead exemption is valid pursuant to § 522(*l*). This determination, however, does not end our inquiry.

## B. Effect of Taylor on Avoidability

The remaining question is whether the validation of Morgan's homestead exemption, based solely on the failure of a party in interest to object to it, precludes a judicial lien holder from defending a lien avoidance motion by challenging the exemption.

■ The statutory language of § 522(f) yields a four-part test for avoidance of a lien:

(1) There must be an exemption to which the debtor "would have been entitled" under subsection (b) of § 522;

(2) The property must be listed on the debtor's schedules and claimed as exempt;

(3) The lien at issue must impair the claimed exemption; and

■ The lien must be either a judicial lien or another type of lien specified by the statute.

*In re Mohring,* 142 B.R. 389, 392 (Bankr. E.D.Cal.1992). In the case at bar, the property at issue was listed on Morgan's schedules and claimed as exempt; and the FDIC's lien is a judicial lien that impairs the exemption. Thus, the second through fourth elements of this test are met.

Morgan argues that the validation of his homestead exemption under § 522(*l*) satisfies the first element. Some courts have concluded that a judicial lien creditor who fails to object to a debtor's claim of exemption in a timely fashion may not raise the alleged invalidity of the exemption as a defense to a lien avoidance action. *See In re Indvik,* 118 B.R. 993, 1004 (Bankr. N.D.Iowa 1990); *In re Caruthers,* 87 B.R. 723, 725–726 (Bankr.N.D.Ga.1988); *In re Hahn,* 60 B.R. 69, 74–76 (Bankr.D.Minn. 1985); *In re Towns,* 74 B.R. 563, 566–567 (Bankr.S.D.Iowa 1987). Courts adopting this position have concluded that the creditor either waived the right to object to the exemption or is estopped from doing so. *Caruthers,* 87 B.R. at 726 (waiver); *Hahn,* 60 B.R. at 74–76 (mentioning both waiver and estoppel). *See Indvik,* 118 B.R. at 1004 (citing *Towns,* 74 B.R. at 566–567 without further analysis).

■ Other courts, however, have held that the lien creditor's failure to object to the debtor's claim of exemption does not prevent the creditor from raising the issue when the debtor seeks to avoid the creditor's lien. *In re Mohring,* 142 B.R. 389, 393–394 (Bankr.E.D.Cal.1992); *In re Smith,* 119 B.R. 757, 760 (Bankr.E.D.Cal. 1990); *In re Frazier,* 104 B.R. 255, 257–259 (Bankr.N.D.Cal.1989); *In re Montgomery,* 80 B.R. 385, 387–390 (Bankr.W.D.Tex. 1987). We find the latter cases more persuasive.

■ First, the language of § 522(f) indicates that exemption by default under § 522(*l*) does not automatically mean that a lien impairing the exemption may be avoided. The first element of the test described above is that the debtor "would have been entitled" to the exemption under

§ 522(b). That the debtor is entitled to the exemption by virtue of § 522(*l*) does not mean that the debtor "would have been entitled" to the exemption under § 522(b) which provides that a debtor may claim either state or federal exemptions. This language requires the court to find that the debtor is entitled to the exemption under relevant state or federal law in order to authorize the avoiding of a lien under § 522(f).[3] Reliance by the exemption-by-default of § 522(*l*) does not satisfy this burden. *See Mohring,* 142 B.R. at 394 ("This language ... does not permit a lien to be avoided unless there is entitlement to exemption under section 522(b). It matters not at all that the property may be exempt by virtue of section 522(1)."). *See also Frazier,* 104 B.R. at 259 (proof that debtor is entitled to claim of exemption is mandated by language of § 522(f)); *Montgomery,* 80 B.R. at 387–388 ("Thus, one element of the debtor's cause of action under Section 522(f) is that the subject property is otherwise exempt under Section 522(b).").

Second, the purpose of § 522(f) is different than that of § 522(*l*). Section 522(f) allows the debtor to avoid certain types of liens on property that has been liberated from the bankruptcy estate. Lien avoidance actions need not be promptly commenced and do not interfere with administration of the estate. Section 522(*l*), by contrast, allows the trustee to promptly determine what assets of the debtor are available for distribution to creditors. *See Montgomery,* 80 B.R. at 389. As a result, allowing a debtor to use the exemption-by-default of § 522(*l*) in a lien avoidance action is not necessary to harmonize the purpose of the two statutes.

Third, allowing the debtor to rely upon the exemption-by-default of § 522(*l*) raises due process concerns:

> Although the typical Bankruptcy Clerk's notice of the § 341 meeting to creditors includes notice of the 30 day limit of Rule 4003(b), it says nothing at all about lien avoidance. Since creditors receive neither the list of exemptions claimed nor the § 521(2) debtor's Statement of Intentions, the only way the lien creditor can determine if the lien is even in jeopardy is to examine the court file. At a minimum, due process should require that the lien creditor receive notice (rather than be required to search for it) that the liened property is claimed as exempt before the time to object has expired.

*In re Smith,* 119 B.R. at 760. *See also Frazier,* 104 B.R. at 259 (noting similar due process concerns). Allowing the debtor to rely upon the exemption-by-default of § 522(*l*) to avoid a secured creditor's lien would amount to a procedural ambush not sanctioned by the Constitution.

■ Finally, equity requires that the court consider the underlying basis for an exemption in the lien avoidance context. It is "entirely appropriate that a debtor about to eliminate another's property rights be put to his or her proof, and not be permitted to rely on a technical estoppel which is at best only tangentially related to the lien avoidance issue in any event." *Montgomery* 80 B.R. at 389.[4] In fact, despite the claim of exemption, a lien avoidance action may never be commenced. Thus, requiring a secured creditor to object to an exemption when it is claimed, rather than when the debtor seeks to avoid the lien, fosters unnecessary litigation and may hinder the debtor's fresh start. *Id.* at 389–390.

For all of the foregoing reasons, we conclude that a creditor who has not timely objected to a claim of exemption may nevertheless challenge the validity of the exemption when defending a lien avoidance motion under § 522(f).

## C. Application of Res Judicata

The bankruptcy court determined that the validity of Morgan's claim to a home-

---

**3.** We note that, at a hearing on the motion to avoid a lien under § 522(f), the creditor bears "the burden of proving that the exemptions are not properly claimed." Fed.R.Bankr.P. 4003(c).

**4.** Again, we note (see note 3 *supra*) that the debtor does not initially bear the burden of proof on this issue. Once the lien creditor has come forward with evidence questioning the validity of the exemption, however, the debtor may need to produce evidence supporting the claim of exemption to persuade the court to allow the lien avoidance.

stead had already been determined by the state court and could not be relitigated under the principles of full faith and credit. Morgan argues that the court erred in this regard because a debtor's eligibility for an exemption claimed under § 522 is determined based upon the facts extant on the date the debtor files bankruptcy. The trial court, Morgan asserts, had to consider the facts on the date of the bankruptcy in order to make a determination of his eligibility for the exemption. Because the state court decision denying him a homestead exemption was made 14 months before Morgan filed bankruptcy, he asserts that *res judicata* cannot be applied to deny his homestead exemption.

 Under California law, a homestead is defined as follows:

> (c) "Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided *on the date the judgment creditor's lien attached to the dwelling,* and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

Cal.Civ.Proc.Code § 704.710(c) (West 1987) (emphasis added).[5] Under this section, an element of a homestead claim is that the judgment debtor or spouse must reside in the dwelling at the time the creditor's lien attaches. *See Anderson,* 824 F.2d at 758–759; *In re Yau,* 115 B.R. 245, 248–249 (Bankr.C.D.Cal.1990).

 Under § 522(f), however, the court must determine whether the debtor would have been entitled to the exemption in the absence of the lien. *See Owen v. Owen,* — U.S. —, —— – ——, 111 S.Ct. 1833, 1836–1837, 114 L.Ed.2d 350 (1991); *In re Opperman,* 943 F.2d 441, 443–444 (4th Cir. 1991); *In re Galvan,* 110 B.R. 446, 450 (9th

Cir. BAP 1990). This determination is made as of the date the debtor files bankruptcy. *In re Herman,* 120 B.R. 127, 130 (9th Cir. BAP 1990). The state of affairs considered by the court is hypothetical, not actual. *Owen,* — U.S. at —, 111 S.Ct. at 1837. Thus, the court must essentially treat the judicial lien as non-existent until the date of the bankruptcy at which time there is a hypothetical attempt to levy on the property by the trustee. *See Herman,* 120 B.R. at 130.

 In the case at bar, the court did not take evidence or otherwise consider whether Morgan would have been entitled to claim the homestead exemption on the date he filed bankruptcy in the absence of the FDIC lien. Instead, the court merely looked to the state court decision which was rendered some 14 months before Morgan's bankruptcy. This was error. Accordingly, we remand for the trial court to reconsider and, if necessary, take evidence on this issue.

## CONCLUSION

Although a claim of exemption to which no timely objection is filed is valid, a creditor may nevertheless challenge the exemption in the context of defending a lien avoidance motion. The court must then determine whether, at the time the bankruptcy petition is filed, the debtor would have been entitled to the exemption in the absence of the lien sought to be avoided. Because the court erroneously relied on the state court judgment denying Morgan's homestead exemption, we vacate the court's judgment and remand for further proceedings consistent with this decision.

---

**5.** Morgan's schedules list the basis for his claim of exemption as Cal.Civ.Proc.Code § 704.730. This provision, however, only specifies the amount of a homestead exemption. The requisites to qualify for an exemption are set out in § 704.710. Another basis for claiming a homestead exemption is under Cal.Civ.Proc.Code § 704.920 (West 1987) which allows homesteads to be declared. Nothing in the briefs or record indicates that Morgan had recorded a declaration of exemption or that he attempted to use § 704.920. Even if he did, however, he would still be obligated to satisfy the continuous residency requirement of § 704.710(c). *See In re Anderson,* 824 F.2d 754, 758–759 (9th Cir.1987).