24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Jeannie M. MOHRING, Debtor.
Jeannie M. MOHRING, Appellant,
v.
AVCO FINANCIAL SERVICES; J. Calvin Hermansen, Trustee, Appellees.
 No. 93-15910.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Jeannie M. Mohring appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order denying without prejudice Mohring's motion to avoid the lien of Avco Financial Services ("Avco"). We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 * Jurisdiction
 
 
 4
 As an initial matter, we consider sua sponte our jurisdiction over Mohring's appeal. See McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992).
 
 
 5
 Under 28 U.S.C. Sec. 158(d), we have jurisdiction to hear "appeals from all final decisions, judgments, orders, and decrees" entered by the BAP on appeal from a bankruptcy court order. Although the BAP may hear an interlocutory appeal from the bankruptcy court, this court does not have that authority. Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.), 894 F.2d 1136, 1137 (9th Cir.), cert. denied, 498 U.S. 898 (1990). Thus, unless both the bankruptcy court's order and the BAP's decision are final, we lack jurisdiction over the appeal. King v. Stanton (In re Stanton), 766 F.2d 1283, 1285 (9th Cir.1985).
 
 
 6
 In this case, the bankruptcy court denied without prejudice Mohring's motion to avoid Avco's lien, and the BAP affirmed. The question is whether the bankruptcy court's order was final.
 
 
 7
 In the bankruptcy context, we have adopted, in addition to the conventional test of finality, a pragmatic approach to deciding whether a bankruptcy court order is final and appealable. Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1363 (9th Cir.1992). Under this approach, a bankruptcy court order is appealable if it (1) resolves and seriously affects substantive rights, and (2) finally determines the discrete issue to which it is addressed. Id.
 
 
 8
 When a district court dismisses a complaint without prejudice and permits the plaintiff to amend the complaint, the dismissal generally is not a final, appealable order. McGuckin, 974 F.2d at 1053. If a plaintiff elects to stand on the dismissed complaint, however, the dismissal is final and appealable. Id.
 
 
 9
 Here, the bankruptcy court directed that Mohring could renew her motion after she amended her schedules to provide a detailed description of her exemptions. Rather than amend her schedules, Mohring chose to stand on her existing schedules and appeal to the BAP for a determination of whether the bankruptcy court properly denied her motion for lien avoidance. Because this situation appears analogous to that of the plaintiff standing on her dismissed complaint, see id., and because of our pragmatic approach to the finality of a bankruptcy court's order, see In re Frontier Properties, 979 F.2d at 1363, we conclude that the bankruptcy court's order was final and appealable.[1] Thus, we have jurisdiction to consider the merits of Mohring's appeal. See 28 U.S.C. Sec. 158(d); In re Stanton, 766 F.2d at 1285.
 
 II
 Merits
 
 10
 Mohring contends that the bankruptcy court erred by denying her motion to avoid Avco's lien under 11 U.S.C. Sec. 522(f) because (1) she provided a "short plain statement" of her exempt household goods on her Chapter 7 schedules which was sufficient to avoid the lien, and (2) the bankruptcy court did not have the authority to object sua sponte to her claimed exemptions and, on that basis, deny her motion. Mohring's contention lacks merit.
 
 
 11
 This court reviews de novo the BAP's decision. Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir.1993). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. Id.
 
 
 12
 A debtor may exempt certain property from her bankruptcy estate. 11 U.S.C. Sec. 522(b). Under section 522(b), where the debtor's state has opted out of the federal exemption scheme, see id. Sec. 522(b)(1), the debtor may exempt property pursuant to the relevant state law provisions, see id. Sec. 522(b)(2)(A); see also Hyman v. Plotkin (In re Hyman), 967 F.2d 1316, 1319 (9th Cir.1992). California has opted out of the federal exemptions and has provided debtors with a list of specific exemptions up to a maximum dollar amount. See Cal.Civ.Proc.Code Secs. 703.130 & 703.140; Talmadge v. Duck (In re Talmadge), 832 F.2d 1120, 1122-23 (9th Cir.1987).
 
 
 13
 A debtor also may be entitled to an exemption where no timely objection has been made. If a debtor claims that certain property is exempt and no interested party timely objects, "any property claimed as exempt by a debtor--regardless of whether the claimed exemption is valid [under section 522(b) ]--is automatically exempt under section 522(1)." In re Hyman, 967 F.2d at 1319 n. 6 (discussing Taylor v. Freeland & Kronz, 112 S.Ct. 1644 (1992)); see 11 U.S.C. Sec. 522(1).
 
 
 14
 Under 11 U.S.C. Sec. 522(f), a debtor may avoid a lien on her interest in property to the extent that the lien impairs an exemption to which the debtor is entitled under section 522(b). Section 522(f)(2)(A) allows the debtor to avoid "a nonpossessory, nonpurchase-money security interest" in household property. 11 U.S.C. Sec. 522(f)(2)(A); In re Matthews, 724 F.2d at 799.
 
 
 15
 To avoid a lien under section 522(f)(2)(A), the debtor must show: (1) there is an exemption to which the debtor would have been entitled under section 522(b), (2) the property is listed on the debtor's schedules as a claimed exemption, (3) the lien impairs the claimed exemption, and (4) the lien is a nonpossessory, nonpurchase-money security interest in household property. Morgan v. FDIC (In re Morgan), 149 B.R. 147, 151 (Bankr. 9th Cir.1993). The debtor has the burden of showing she is entitled to lien avoidance under section 522(f). See In re Catli, 999 F.2d at 1406.
 
 
 16
 Here, Mohring listed on her schedule C "household goods and furnishings" valued at $1,000 as exempt property under Cal.Civ.Proc.Code Sec. 703.140.[2] On her schedule D, Mohring listed Avco as a creditor having a $3,028 claim secured by a nonpossessory, nonpurchase-money lien granted in 1990 on "household goods." In her motion, Mohring simply requested an order avoiding Avco's nonpossessory, nonpurchase-money lien on her exempt household goods and personal effects.[3] After reviewing her motion and schedules, the bankruptcy court concluded that Mohring failed to show (1) she would have been entitled to an exemption under section 522(b), and (2) the lien was an interest in eligible household property.
 
 
 17
 Because no party objected to Mohring's claim that she was entitled to an exemption for "household goods and furnishings," Mohring automatically obtained an exemption for that property under section 522(1). See 11 U.S.C. Sec. 522(1); In re Hyman, 967 F.2d at 1319 n. 6. Nevertheless, the fact that Mohring obtained an exemption under section 522(1) did not mean that her claimed exemption would have been valid for purposes of section 522(b). See 11 U.S.C. Sec. 522(b)(2)(A); In re Morgan, 149 B.R. at 151-52. For lien avoidance under section 522(f), Mohring's property had to be not only exempt, but exempt under section 522(b). See 11 U.S.C. Sec. 522(f)(2)(A); In re Morgan, 149 B.R. at 151. Because Mohring failed to specify the nature and specific value of her household goods and furnishings, the bankruptcy court had no way of knowing if these items would have been exempt under Cal.Civ.Proc.Code Sec. 704.140(b)(3). See In re Talmadge, 832 F.2d at 1122-23. Thus, the bankruptcy court was unable to determine whether Mohring would have been entitled to an exemption under section 522(b). See id.; In re Morgan, 149 B.R. at 152. Mohring therefore failed to carry her burden of showing that she was entitled to lien avoidance under section 522(f)(2)(A). See In re Catli, 999 F.2d at 1406. Accordingly, the bankruptcy court properly denied Mohring's motion to avoid Avco's lien.[4] See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This circuit generally has treated bankruptcy court decisions on motions for lien avoidance as final and appealable. See, e.g., Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir.1993); City Nat'l Bank v. Chabot (In re Chabot), 992 F.2d 891, 893 (9th Cir.1993); Matthews v. Transamerica Fin. Servs. (In re Matthews), 724 F.2d 798, 799 (9th Cir.1984) (per curiam)
 
 
 [2]
 Cal.Civ.Proc.Code Sec. 703.140(b)(3) provides an exemption for "[t]he debtor's interest, not to exceed two hundred dollars ($200) in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."
 
 
 [3]
 Mohring's motion stated in full:
 Debtor above captioned hereby moves this court for an order avoiding the non-purchase money non-possessory lien of AVCO upon the exempt household goods and personal effects of Debtor herein pursuant to 11 U.S.C. [Sec.] 522(f).
 
 
 [4]
 Because we conclude that Mohring failed to show that she would have been entitled to an exemption under section 522(b), we do not address whether she also failed to show that Avco's lien was in an interest in eligible household property. We note, however, that Mohring made no showing of the nature of her "household goods" or whether such goods were "held primarily for personal, family, or household use." See 11 U.S.C. Sec. 522(f)(2)(A)