**In re Farid RUSHDI and Tracey Rushdi, Debtors.**

**Bankruptcy No. 94–01918.**

United States Bankruptcy Court, D. Idaho.

Oct. 31, 1994.

M. Brent Morgan, Pocatello, ID, for debtors.

Charles Johnson, Johnson Olson, Chartered, Pocatello, ID, for Norwest Financial Services of Utah, Inc.

L.D. Fitzgerald, Trustee, Pocatello, ID.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

In 1990, Debtors Farid and Tracey Rushdi purchased a clavinova keyboard on credit from Keith Jorgensen music store in Utah. The contract they signed was assigned to Norwest—Logan branch, and provided for a purchase money security interest in the instrument. In 1991, Debtors purchased several items of furniture from Self–Service Furniture, which purchase was again financed on a Norwest contract. A security interest was granted in various of Debtors' household goods and furnishings to secure payment.

In 1992, after moving to Idaho, Debtors desired to lower the monthly payment on the two contracts, and approached Norwest's Pocatello branch about refinancing with a longer term but a lower monthly payment. The Pocatello branch arranged with the Logan branch for a refinance. The paperwork was signed in the Pocatello office, although it was prepared in Logan. The refinance proceeds, except for about $43, were used to pay off the balance due on the two existing notes.

Debtors have filed for Chapter 7 relief and moved to avoid Norwest's lien in their household goods, including the clavinova. The parties have agreed that certain items are exempt, and certain are not as set forth in a proposed order submitted to the Court. Two items remain in dispute: a cellular phone and the keyboard. Norwest conceded it did not have a lien in the cellular phone at the hearing, leaving only the keyboard at issue.

█ Norwest claims its PMSI continued in the keyboard despite the refinancing[1] and its lien is not avoidable pursuant to Section 522(f) which provides:

"the debtor may avoid the fixing of a lien on an interest of the debtor in property ... if such a lien is ... a nonpossessory, nonpurchase-money security interest in any ... household furnishings, household goods, [or] musical instruments, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor"

11 U.S.C. § 522(f). To avoid a lien under Section 522(f)(2)(A), Debtors have the burden of showing: (1) there is an exemption to which the debtor would have been entitled under Section 522(b); (2) the property is listed on the debtor's schedules as a claimed exemption; (3) the lien impairs the claimed exemption; and (4) the lien is a nonpossessory, nonpurchase-money security interest in household property. *In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993). The second and third elements as set forth have been proven by Debtors. The first and fourth elements are in dispute.

█ First the issue of whether Norwest retained a PMSI in the keyboard when it refinanced the original loan will be addressed. The Ninth Circuit, in a case almost identical to this case, visited the issue of the refinancing of a loan by issuing a new loan and its effect on the purchase money nature of a security interest for Section 522(f) purposes in *In re Matthews*, 724 F.2d 798 (9th Cir.1984). The court held the refinance loan proceeds were not used to acquire rights in the goods, because the debtors already owned them and that the new security interest could not be considered a purchase money security interest. In other words, "the character of the security interest was extinguished when the proceeds from the first renewal note were used to satisfy the original note." *Id.* at 800–01. This Court in *In re Deering*, 90 I.B.C.R. 143, 144, followed this reasoning. Pursuant to the authority of these decisions, the security interest held by Norwest in the keyboard is not a purchase money security interest.

█ Since Debtors have proven three of the elements in their favor, if they can prove that there is an exemption to which they

---

1. This issue should not appear novel to counsel as both argued an identical issue in *In re Yazzie*, Case No. 92–00109, in which the Court authored an unpublished decision in April of 1992, consistent with this decision.

would have been entitled under Section 522(b), the lien may be avoided. Norwest makes several arguments as to why Debtors are not entitled to an exemption in the keyboard.

The first argument involving the claim of exemption is that the keyboard is not the type of item regularly considered a household good as it does not aid the Debtors to support their day to day living. This argument fails to acknowledge the language of the statute. Section 522(f) permits avoidance of liens on items such as household goods *or* musical instruments. Therefore, a musical instrument need not qualify as a household good because it is specifically listed in the statute. Mr. Rushdi testified that the keyboard was purchased for his family's enjoyment and is used primarily for this purpose. Therefore, this keyboard is the type of item in which a nonpossessory, nonpurchase-money security interest may be avoided.

The remaining arguments proffered by Norwest involve the Idaho exemption statutes. "Idaho has 'opted out' of the federal bankruptcy exemptions, and its residents are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11–609." *In re Fancher*, 94 I.B.C.R. 39, 39. Idaho Code § 11–605(1)(b) provides in relevant part:

> (1) An individual is entitled to exemption of the following property to the extent of a value not exceeding five hundred dollars ($500) on any one (1) item of property and not to exceed a total value of four thousand dollars ($4,000) per household for all items exempted under this subsection:
>
> . . . .
>
> (b) if reasonably held for the personal use of the individual or a dependent, . . . musical instruments.

Norwest makes several arguments as to why the keyboard may not be claimed as exempt.

First, it argues that Debtors have other musical instruments worth over $500. This argument is flawed in two regards. Idaho Code § 11–605(1) does not limit the number of musical instruments a debtor may exempt nor does it provide that the exempt instruments when totaled may not exceed $500. This discussion is largely academic, however, as Norwest is incorrect in its argument that Debtor's have claimed other musical instruments as exempt. Schedule C of Debtors' schedules show that no other musical instruments are claimed as exempt.

Norwest also argues that Debtors have claimed as exempt items with a total value exceeding $4,000. The Court is again perplexed as to the basis for this contention since Debtors' Schedule C shows less than $4,000 of Section 11–605(1) items claimed as exempt, and Norwest presented no testimony or evidence to contradict the values of the items claimed as exempt.

The last argument made by Norwest is that the keyboard has a value in excess of $500. Debtors' Schedule C lists the value of the keyboard at $500 which Norwest disputes. The record in this regard is not as clear as the Court would prefer. Apparently, the record is even less clear to the parties. Debtors argue that Mr. Rushdi testified that he received a quote on the value of the keyboard of $500. Norwest argues that a Norwest employee testified that the value of the keyboard is worth more than $1,000. However, a review of the hearing record indicates that no party testified and no evidence was submitted as to the value of the keyboard.[2] As there is no evidence in the record as to the value of the keyboard, the matter will be set for a further hearing for the sole purpose of receiving evidence and testimony as to the value of the keyboard. However, if the parties so stipulate, they may submit any evidence by way of affidavit without further hearing.

---

2. Norwest has attempted to establish the value of the keyboard by attaching to its reply brief, filed on October 11, 1994, an affidavit of an employee of a music store. Although such testimony would have been proper and helpful to the Court if it were elicited during the hearing, it is improperly submitted at this time and will not be considered.