In re Teresa Y. GIVENS.

Bankruptcy No. 97 B 20480.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 9, 1997.

Lorraine Greenberg, Chicago, IL, for Movant or Plaintiff.

Louis Levit, Chicago, IL, trustee.

### RULING ON MOTION TO AVOID PREFERENTIAL TRANSFER OF PROPERTY

JOAN H. LEFKOW, Bankruptcy Judge.

Debtor, Teresa Givens, seeks to avoid a preferential transfer of wages which her employer withheld from her salary pursuant to wage garnishment proceedings instituted by a judgment creditor. On July 3, 1997, Givens filed her petition for relief under chapter 7 of the United States Bankruptcy Code and claimed the withheld wages as exempt pursuant to 735 ILCS 5/12–1001(b). Approximately one week later, Givens' employer transferred the withheld wages to the judgment creditor.

Although authorized to do so, *see* 11 U.S.C. § 547, the Chapter 7 trustee has taken no action to avoid the transfer. Under § 522(h) of the Bankruptcy Code, Givens also has authority to avoid the transfer but only to the extent that she could have claimed the property as exempt under § 522(b) if the trustee had avoided the transfer. The real issue then is whether the withheld wages are exemptible under § 522(b).

Illinois law requires a resident-debtor to use state authorized exemptions for § 522(b) purposes. Effective December 31, 1996, however, Illinois exemption law was amended to prohibit the application of any Illinois personal property exemption to "any wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under [the Illinois wage deduction law]." 735 ILCS 5/12–1001. Thus, under § 522(b) itself, the

withheld wages are not exemptible property.

Nevertheless, the inquiry cannot end there. As the Supreme Court has recognized, when no one lodges a timely objection to a substantively improper claim of exemption, the property claimed as exempt is exempt by default as § 522(*l*) provides. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Because it appears that no one has objected to Givens' claim that her withheld wages are exempt, the court must consider the effect of *Taylor* on the outcome here.

Some judges of this court have decided, in the slightly different context of lien avoidance under § 522(f)(1), that the incontestability of an exemption obtained pursuant to § 522(*l*) extends to lien avoidance proceedings, thereby entitling a debtor to avoid liens on property which has become exempt solely due to the operation of § 522(*l*). This court, however, is persuaded by the able analyses of *In re Franklin, Brown and Ramirez*, 210 B.R. 560 (Bkrtcy.N.D.Ill.1997), and *In re Morgan*, 149 B.R. 147 (9th Cir. BAP 1993), which reach a contrary result. As explained in those decisions, exemption by default under § 522(*l*) is not the equivalent of a substantive entitlement to an exemption under § 522(b). Because the lien avoidance provisions require proof of an exemption to which the debtor "would have been entitled under [§ 522](b)," proof of exemption under § 522(*l*) is not enough. Similarly, here, § 522(h) requires proof that Givens "could have exempted the property" under § 522(b). For the reasons explained in detail in *Franklin* and *Morgan*, this court concludes that she is unable to make the necessary showing.

For these reasons, debtor's motion to avoid preferential transfer of property is denied.