**In re Edward Mark STATES Debtor.**

**Bankruptcy No. 98–9184–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 26, 1999.

848

Donald A. Nohrr, Melbourne, FL, for Debtor.

Lawrence M. Kosto, Orlando, FL, for Powerlab, Inc.

Leigh R. Meininger and John B. St. Lawrence, Orlando, FL, for Trustee (Robert Thomas).

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on the Creditor's, Powerlab, Inc., Motion for Summary Judgment on Objection to Exemption. Appearing were Donald Nohrr, attorney for Debtor. Edward Mark States; Lawrence Kosto, attorney for Powerlab, Inc.; and Leigh Meininger and John St. Lawrence, attorneys for the trustee, Robert Thomas. After reviewing the pleadings and hearing arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Edward Mark States ("States") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 21, 1998. Powerlab, Inc. ("Powerlab") is a creditor of States by virtue of a judgment obtained against States in New York State Court on August 27, 1997 in the amount of $94,127.75. States had an annuity policy with Metropolitan Life Insurance Company ("Metropolitan") at the time of the entry of the judgment. The annuity policy provided monthly payments beginning on April 20, 1992 in the amount of $2,500.00, and increasing by three percent (3%) every year thereafter. The policy also provided periodic payments every five years, beginning March 20, 1997 in the amount of $75,-000.00, and increasing in increments of $50,000.00.

Powerlab levied on the annuity policy on October 20, 1997. States filed a motion in New York State Court (the "New York Court") to declare the annuity policy exempt from execution. States' schedules reflect he was a resident of Florida at the time of the New York Court action.[1] However, he failed to raise Florida law as a defense. The New York Court determined on May 21, 1998 that the monthly payments were exempt from levy, but that the periodic payments were not exempt from levy.

The New York Court entered an order directing Metropolitan, the garnishee, to disburse to Powerlab 65% of the March 20, 1997 periodic payment within thirty days of service of the court's order. The New York Court also directed Metropolitan to disburse 65% of each subsequent periodic payment to Powerlab within thirty days of the disbursement date.

The New York Court further determined that Powerlab's judgment was a

---

1. The Statement of Financial Affairs requires a disclosure of all addresses the debtor has occupied within the two years immediately preceding the filing of the bankruptcy case, if the debtor has moved within that period. States listed a New York address from 1995 to 1996.

senior judgment and that Powerlab was the senior judgment creditor.[2] The New York Court denied Powerlab's motion for an extension of time in which to transfer personal property not capable of delivery, with respect to the monthly payments, but granted the motion with respect to the periodic payments. The levy rights in the periodic payments were continued indefinitely and were to remain effective until Powerlab's judgment was satisfied in its entirety.

States claimed the annuity exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522. Powerlab objected on grounds that the matter had already been resolved in the New York Court.

The time for determining a debtor's entitlement to an exemption is the time of the filing of the bankruptcy petition. Therefore, the New York Court judgment is not binding on the proceeding currently pending before this Court. A genuine issue of material fact exists in this case, and Powerlab's Motion for Summary Judgment on Objection to Exemption is due to be denied.

### CONCLUSIONS OF LAW

■ The issue in this case is whether a debtor is entitled to claim an exemption in an insurance annuity under Florida law, when the debtor did not raise the claim of exemption under Florida law in a prior New York State Court litigation, even though the debtor claims to have been a Florida resident at the time.

Section 522(f)(1) of the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq., provides in pertinent part:

Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *would*

have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt[.] (emphasis added).

11 U.S.C. § 522(f)(1)(A).

The Bankruptcy Code also provides for the exemption of certain property of the estate. Section 522(b) provides in pertinent part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, *or State or local law that is applicable on the date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately proceeding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place[.] (emphasis added).

11 U.S.C. § 522(b)(2)(A).

■ To determine the application of § 522(f), ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself. *Owen v. Owen*, 500 U.S. 305, 310–11, 111 S.Ct. 1833, 1836–37, 114 L.Ed.2d 350 (1991); *Morgan v. Federal Deposit Insurance Corp.*, 149 B.R. 147, 153 (9th Cir. BAP 1993). The lien is to be avoided if doing so would entitle the debtor to an exemption. *Owen*, 500 U.S. at 312–13, 111 S.Ct. at 1837.

The text of § 522(f) establishes a baseline against which impairment is to be

---

**2.** A companion action was pending in the New York State Court with Fleet Bank as Plaintiff versus Electruk Battery Enterprises, Ltd. and Edward M. States as Defendants.

Powerlab's judgment was co-equal with Fleet Bank's judgment as a senior judgment, and Powerlab was a senior judgment creditor co-equal with Fleet Bank.

measured. *Owen*, 500 U.S. at 311, 111 S.Ct. at 1837. This baseline is "not an exemption to which debtor 'is entitled,' but one to which he 'would have been entitled.'" *Id.* The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. *Id.*

■ The proper time for determining whether a debtor is entitled to an exemption under § 522(f) is the time of the filing of the bankruptcy petition. *Owen*, 500 U.S. at 314 n. 6, 111 S.Ct. at 1838 n. 6; *Morgan*, 149 B.R. at 153; *In re Herman*, 120 B.R. 127, 130 (9th Cir. BAP 1990). The United States Supreme Court stated in *Owen:*

> Under the Code, however, the question is whether the lien impairs an "exemption to which the debtor would have been entitled under subsection (b)," and under subsection (b), exempt property is determined "on the date of the filing of the petition," not when the lien fixed. 11 U.S.C. §§ 522(f), (b)(2)(A). We follow the language of the Code.

*Owen*, 500 U.S. at 314 n. 6, 111 S.Ct. at 1838 n. 6. The court must treat the judgment as non-existent until the date of the bankruptcy, at which time there is a hypothetical attempt to levy on the property. *Morgan*, 149 B.R. at 153; *Herman*, 120 B.R. at 130.

The New York Court judgment is inapplicable because the determination that the annuity was not exempt was made five months prior to the filing of the bankruptcy petition. The New York Court clearly could not have considered whether States would have been entitled to the exemption on the date he filed bankruptcy. The proper time for determining whether

States is entitled to an exemption under § 522(f) is October 21, 1998, the date States filed his voluntary Chapter 7 bankruptcy petition.

States' right to claim an exemption in the subject annuity arises directly from Florida law, through 11 U.S.C. § 522(b)(2). Florida law provides that proceeds of annuity contracts are exempt from attachment, garnishment or legal process in favor of any creditor of the person who is the beneficiary of such annuity contract. Fla. Stat. § 222.14 (1998).[3] The application of this statute results in the exemption of the annuity contract proceeds.

The doctrine of res judicata would prevent relitigation of the issue of the exemption of the annuity, in the absence of clear precedent establishing the date for determining exemptions. Res judicata would prohibit States from now asserting Florida law in an attempt to exempt the annuity. However, the recent case law cited herein clearly requires a conclusion that the New York Court judgment is not binding on the proceeding currently pending before this court.

Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). Issues of material fact exist in this case, which prevent the case from being dispensed with on a Motion for Summary Judgment. Powerlab's Motion for Summary Judgment on

---

**3.** Section 222.14 reads as follows:

Exemption of cash surrender value of life insurance policies and annuity contracts from legal process—The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens

or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

Objection to Exemption is due to be denied.