### In re Nick Leroy GOEBEL, Wilma Ann Goebel, Debtors.

### Bankruptcy No. 86–41827.

United States Bankruptcy Court, D. Kansas.

May 14, 1987.

Dan E. Turner, Topeka, Kan., for debtors.

---

Justice B. King, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for PCA.

Eric C. Rajala, Overland Park, Kan., Trustee.

## MEMORANDUM

JAMES A. PUSATERI, Bankruptcy Judge.

On May 5, 1987 this proceeding was before the Court for hearing on the objection of the Production Credit Association of South Central Kansas (PCA) to certain of the debtors' exemption requests and the debtors' application to avoid the lien of the PCA in certain farm machinery and motor vehicles, and the PCA's objection thereto.

The debtors appeared in person and by counsel, Dan E. Turner. The PCA appeared by counsel, Justice B. King.

The matter was heard by the Court and is ready for decision. The issues to be decided are:

(1) Is Wilma Goebel a farmer;

(2) Is any of the farm machinery a tool of Mrs. Goebel's trade;

(3) Has Mrs. Goebel an ownership interest in the machinery she wishes to exempt.

It was conceded that Mr. Goebel is a farmer and entitled to a Kansas tool of trade exemption.

An additional issue, not yet ripe for decision except in part, is whether a legal basis exists for the debtors' to avoid the PCA's lien on the vehicles used by the debtors as a means of transportation.

### FINDINGS OF FACT

Mrs. Goebel's primary occupation is farming. She operates the farm equipment except for the combine. She performs all tasks on the farm except those requiring the combine. She has participated in decision making for the farming operation. She has also been a homemaker and has assisted in raising the couple's seven children, ages 34-20.

The equipment sought to be exempted has a value of $11,200. In part, it was admittedly acquired with proceeds from the sale of wheat. The Court infers that the remaining equipment was purchased by money generated from the farming operation, there being no other source of income disclosed either in the debtors' testimony or in the filed schedules.

The debtors' testimony reflects no particular agreement between the spouses for the sharing of labor, income, or losses from the farming operation. Whatever money was generated from the farm was placed in a joint checking account and purchases were made from that account. Essentially, the testimony indicated that Mrs. Goebel's interest in the property was as a result of the marital relationship and her overall contribution to the family farm, which contribution itself was viewed as a part of the marital partnership. No evidence was presented which would identify any of the equipment as the sole and separate property of Mrs. Goebel.

One of the means of transportation on which debtors seek to avoid the lien is a 1967 Chevrolet 2 ton truck. This truck was not exempted. Debtors therefore have no interest in the vehicle, it being property of the estate.

### CONCLUSIONS OF LAW

K.S.A. 60-2304 provides that every person residing in this state shall have exempt "the following articles of *personal property:* ... [t]he tools ... and equipment ... regularly and reasonably necessary in carrying on *the person's* profession, trade, business or occupation...." (emphasis added)

Both Mr. Goebel's and Mrs. Goebel's principal occupation is farming. In order to exempt equipment for both husband and wife and thus be entitled to avoid the lien on $10,000 rather than $5,000 worth of equipment, each debtor must own as his or her "personal property" $5,000 worth of farming equipment. Pursuant to K.S.A. 23-204, a married person may carry on a trade or business on his or her separate account and earnings therefrom "shall be his or her sole and separate property" to be disposed of and invested in his or her own name. K.S.A. 23-201(b) in contrast provides that upon filing an action for divorce, with few stated exceptions, all property acquired by either spouse by any method before or after marriage becomes marital property. Thus, in Kansas, unless a di-

vorce is filed one spouse has no interest in the separate property of another.

Farming is undoubtedly a business enterprise. One spouse would not automatically acquire an ownership interest in farm earnings or property purchased with the earnings simply by virtue of a marital relationship since Kansas is not a community property jurisdiction. Thus, in order to have an interest in business property, one must acquire it either with one's sole and separate property, receive it by gift or inheritance, contribute toward its purchase with sole and separate funds, or acquire it by some agreement, such as in a partnership, joint venture, association, corporation or other such legally recognized business entity or vehicle. In Kansas, ventures other than sole proprietorships constitute entities which may not exercise rights to exempt property. See, e.g., K.S.A. 56–308, 58–325; see also *Grannell v. Wakefield,* 172 Kan. 685, 694, 242 P.2d 1075 (1952) (joint adventures and partnerships regarded as being of a similar nature and are governed by the same rules of law).

The Court concludes that there was no intent on the part of debtors to create any form of association which would destroy their individual rights to exercise rights of exemption in their own property.

The Court further concludes that there is no vehicle created by Kansas law applicable under the facts of this case which would allow both debtors to carry on the farming business and yet retain dual exemptions. Further, no evidence exists whereby Mrs. Goebel purchased with her sole and separate funds any of the equipment sought to be exempted, nor is there evidence of Mrs. Goebel's acquisition of the property by gift or inheritance. The Court therefore concludes that Mrs. Goebel is not entitled to exempt any farm equipment as a tool of her trade.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.