**In re William Ernest KOBS and Linda Ann Kobs, Debtors.**

**Bankruptcy No. 91–12890–7.**

United States Bankruptcy Court, D. Kansas.

Feb. 1, 1994.

Steven L. Speth of Stinson, Lasswell & Wilson, Wichita, KS, for debtors.

Gary E. Patterson of Morris, Laing, Evans, Brock & Kennedy, Wichita, KS, for Emprise Bank, N.A.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtors, William Ernest Kobs ("Bill" or "Mr. Kobs") and Linda Ann Kobs ("Linda" or "Mrs. Kobs"), appear by their attorney, Steven L. Speth of Stinson, Lasswell & Wilson, Wichita, Kansas. Emprise Bank, N.A. ("Emprise Bank" or the "Bank"), appears by its attorney, Gary E. Patterson of Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kansas.

On August 29, 1991, the debtors filed a joint Chapter 7 petition and schedules. They claimed property exempt under state law as permitted by 11 U.S.C. § 522(b)(1) in conjunction with Kansas Statutes Annotated § 60–2312. In addition to claiming as exempt one passenger car for each of them under K.S.A. § 60–2304(c), the debtors claimed as exempt the following property as tools of their trade under K.S.A. § 60–2304(e):

Bill:

| | |
|---|---|
| 1988 GMC PICK–UP | $6,500 |
| HAND TOOLS | 500 |
| TOOL BOX | 50 |
| FUEL TANK AND PUMP | 250 |
| SHOP TOOLS | 200 |
| | $7,500 |

Linda:

| | |
|---|---|
| 1966 4020 JD TRACTOR | $5,000 |
| GRAIN DRILL | 800 |
| JD 3–POINT QUICK HITCH | 400 |
| HOEME 12' CHISEL | 100 |
| KRAUSE K2 ONEWAY | 100 |
| CALWELL 3–POINT BLADE | 500 |
| JD 127 ROTARY MOWER | 250 |
| CRUSTBUSTER | 250 |
| SEARS FLATBED TRAILER | 100 |
| | $7,500 |

The Bank did not object to the debtors' exemption claims within the 30 days allowed by Fed.R.Bankr.P. 4003(b), resulting in an automatic allowance of the claimed exemptions.

There is no dispute that the Bank holds a non-possessory, non-purchase money security interest that is a lien on the property the

debtors have claimed exempt. On December 17, 1991, the debtors filed their application to avoid the Bank's lien under 11 U.S.C. § 522(f). The Bank objected to the avoidance on the grounds that the property was neither exempt to the debtors nor tools of their trade. This joined the issues under § 522(f), making this a core proceeding under 28 U.S.C. § 157(b)(2)(K). The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984.

Even though the Bank failed to object to the debtors' exemptions within the time allowed by the Rules, it now challenges those exemptions, as it must to counter the debtors' motion to avoid its lien.

The Bank's initial failure to object to the debtors' exemption claims raises a threshold question, i.e., whether the Bank is now foreclosed from contesting the exemptions since the debtors have now moved to avoid its lien under § 522(f)—a statute that allows the debtors to avoid "the fixing of a lien on an interest of the debtor in property to the extent that such lien *impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section...." (Emphasis added.) *See Taylor v. Freeland & Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (the failure to object to an exemption within the time allowed by the Rules renders the property exempt, even though it would not otherwise have been so under the controlling law), and *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (a judicial lien may be avoided under § 522(f) of the Bankruptcy Code as impairing debtor's state law exemption, even though the state law defines the exempt property so as to exclude from exemption that portion of the property encumbered by such lien).

■ The Court adopts the reasoning and the holding of *In re Morgan*, 149 B.R. 147 (9th Cir. BAP 1993), to decide this question. *Morgan* holds that a creditor who has not timely objected to a debtor's claim of exemption on the schedules can nevertheless challenge the validity of the exemption when defending against debtor's lien avoidance motion.

■ The Bank has the burden of proving that the exemptions are not properly claimed. Fed.R.Bankr.P. 4003(c).

An evidentiary hearing was held on February 13, 1992. Mr. and Mrs. Kobs, the only witnesses to testify, established that they had farmed in Meade County since 1966. At the time of the hearing, they were farming approximately 800 acres of rented land on which there was a growing wheat crop. As they had done in the past, Mr. and Mrs. Kobs intended to add cattle to the operation in the summer.

The debtors hold joint title to the 1988 GMC pickup truck that is listed as exempt under Bill's name. While the truck has no special modifications prohibiting its use as a highway vehicle, it does have some special equipment—a hitch for pulling a gooseneck trailer, a tool box, a stock rack, and a fuel tank with pump.[1] These features help verify the debtor's claimed use of the truck for pulling a gooseneck trailer, carrying tools for farm repairs, hauling cattle and feed, moving irrigation pipe, and fueling farm vehicles, as well as helping perform other customary farm tasks. According to Bill Kobs, he rarely uses the truck for non-farm purposes.

To supplement the farm income, Mr. Kobs works for the road and bridge department of Meade County.

Mrs. Kobs testified that she has been a farmer since she and Mr. Kobs were married and moved to Meade County in 1966. Historically, they have farmed irrigated crop land and have fed as many as 400 head of cattle. Mrs. Kobs works at hauling and laying irrigation pipe and checking the water flow from the pipe while it is in use. Although she does not drive the tractor in the field, she does help move equipment between fields, a distance as far as 16 miles. She helps move the cattle to pasture, helps vaccinate and brand the cattle by operating the truck.

---

**1.** Debtors' Exhibit 3 is a copy of a photograph showing some of these attachments to the pickup

cattle chute, and watches to make sure they have a supply of water. She also runs errands to get oil, batteries and other supplies as needed.

Mrs. Kobs gardens and cans all vegetables for their family. She does the cooking and, at harvest time, she delivers meals to her husband and other workers. She pays farm bills and keeps the books and records for the farming operation. Her testimony was that she feels like everything they have is owned together. She and her husband filed a joint income tax return. She signed all the promissory notes and security agreements with her husband.

Although Mrs. Kobs has no special training or degree in library science, in 1981 she took a part-time job as a librarian at the Meade Public Library to help pay the couple's farming debts. The part-time hours she works at the library, four days per week, six hours per day, allow her time to work on the farm.

The Bank called Mrs. Kobs as its only witness and offered Exhibits A, B, and C, which were received in evidence. Exhibit A is a copy of Mrs. Kobs' 1991 W–2 showing income of $9,910.00. Exhibit C is a copy of the Kobses' 1990 joint federal income tax return listing Mrs. Kobs' occupation as librarian. Exhibit B is a copy of the debtors' Statement of Financial Affairs. In response to question number one on the Statement of Financial Affairs about income from employment or operation of a business, the debtors indicated that Mrs. Kobs had no income in 1991. Mrs. Kobs testified that on advice of counsel she did not list her 1991 income on the Statement of Affairs when she filed her bankruptcy petition in August of that year.

At the close of debtors' evidence and again at the end of evidence, the Bank moved for directed verdict. The motion was taken under advisement.

Initially, the Bank contested the value of the 1988 GMC pickup truck, but in its trial memorandum, it agrees that the truck is worth $6,500.00. (Trial Memorandum of Emprise Bank, N.A. filed February 13, 1992, at 1.) Mr. Kobs testified that the values stated in the motion represent the fair mar-

ket value of the items listed. He listed the fair market value of the truck in the schedules based on an appraisal he had obtained. The Bank presented no evidence of value. In light of the stipulation and the Bank's failure to produce evidence of value, the Court will accept the values represented in debtors' schedules, in debtors' application to avoid lien, and in the testimony of Mr. Kobs.

The Bank argues that Mr. Kobs cannot claim the pickup truck as exempt because it is not "regularly and reasonably necessary in carrying on the person's [Mr. Kobs] ... business or occupation ..." as required by K.S.A. § 60–2304(e), and because debtor cannot gain an additional exemption for a means of conveyance beyond the automobile he claimed as exempt under K.S.A. § 60–2304(c).

The questions under this objection are whether the 1988 GMC pickup truck falls within the language of K.S.A. § 60–2304(e), and if so, whether 11 U.S.C. § 522(f) then operates to avoid the Bank's lien on the exempt vehicle.

The pertinent parts of the Kansas exemption statute applicable to this case read:

**60–2304. Personal property; articles exempt.** Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property:

(a) . . . .

(c) Such person's interest, not to exceed $20,000 in value, in one means of conveyance regularly used for the transportation of the person or for transportation to and from the person's regular place of work, except that the value limitation specified in this subsection shall not apply when the means of conveyance is a vehicle designed or equipped, or both, for handicapped persons, as defined in K.S.A. 8–1,124 and amendments thereto.

(d) . . . .

(e) The books, documents, furniture, instruments, tools, implements and equipment, the breeding stock, seed grain or growing plants stock, or the other tangible means of production regularly and reason-

ably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7,500.

(f) . . . .

K.S.A. § 60–2304 (1991 Supp.)

■ An examination of subparagraph (e) of the statute shows that for the purpose of this analysis, its elements are:

1. The person claiming the exemption must reside in Kansas.
2. The person must have a business or occupation.
3. The items claimed exempt must be tools, implements and equipment, or other property that are tangible means of production.
4. The items claimed exempt must be regularly and reasonably necessary in carrying on the person's business or occupation.

■ The evidence satisfies all of these requirements for Mr. Kobs. He resides in Kansas where he conducts a farming operation that includes cattle. The pickup truck and other items of equipment are "tools, implements and equipment . . . or the other tangible means of production regularly and reasonably necessary in carrying on" his business. He uses the truck to haul irrigation pipe, feed and haul cattle, fuel farm vehicles, and move various farm equipment needed to perform various farming jobs. He uses the 1988 GMC truck in conducting his farming business and the truck is a necessary means of production for carrying on the essentials of farming. The Court finds that the GMC truck is a tangible means of production regularly and reasonably necessary in carrying on Mr. Kobs' farming occupation. The truck's value is within the $7,500 limitation of the statute.

The Bank suggests that Mr. Kobs cannot exempt the GMC truck because he has also exempted a car. Yet, there is nothing in the statutory language to suggest that by including an exemption for "one means of conveyance regularly used for the transportation of the person . . .," the legislature intended to preclude the exemption of another "means of conveyance" if it also met the K.S.A. § 60–2304(e) requirements of being a tool, imple-

ment, equipment or other tangible means of production that is regularly and reasonably necessary for carrying on the business or occupation of the debtor. Accordingly, the Court rejects the Bank's duplication argument.

Does it follow that Mr. Kobs can avoid the lien on the 1988 GMC truck under the terms of 11 U.S.C. § 522(f)?

Section 522(f) states:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) . . . .

(B) implements . . . or tools, of the trade of the debtor or the trade of a dependent of the debtor.

■ The Court has found the truck to be an exempt tool of debtor's trade under the state statute, K.S.A. § 60–2304(e). The Bank holds a non-possessory, non-purchase money security interest that is a lien which affixed to the truck, impairing debtor's exemption. The truck is a "tool" or "implement" of the trade of the debtor under § 522(f). It follows that Mr. Kobs can avoid the fixing of the Bank's non-possessory, non-purchase money lien on his interest in the property to the extent it impairs his exemption, in this case the whole value of the truck. Mr. Kobs' § 522(f) motion to avoid the Bank's lien on the pickup truck is therefore sustained.

The next question is whether Mrs. Kobs can exempt the tractor and other items listed and, if so, avoid the Bank's lien with § 522(f).

Again, for the purposes of this analysis, the elements necessary to satisfy K.S.A. § 60–2304(e) are:

1. The person claiming the exemption must reside in Kansas.
2. The person must have a business or occupation.

3. The items claimed exempt must be tools, implements and equipment, or other property that are tangible means of production.

4. The items claimed exempt must be regularly and reasonably necessary in carrying on the person's business or occupation.

There is no debate that the evidence has satisfied most of these elements as to Mrs. Kobs. Mrs. Kobs resides in Kansas. The items claimed exempt—a tractor, drill, hitch, chisel, point blade, rotary mower, crustbuster, and flatbed trailer—are tools, implements and equipment, or other tangible means of production of a farming operation. The items are regularly and reasonably necessary in carrying on a farming operation.

█ Although the Bank bears the burden of proof to show that exemptions are not properly claimed, it has failed to rebut Mrs. Kobs' testimony that she functions as a farmer. The evidence establishes that Mrs. Kobs has worked on her farm since her marriage to Mr. Kobs in 1966. She considers herself a farm owner and, indeed, she has shown that she performs numerous tasks that can only be classified as "farming."

But, pointing to the fact that Mrs. Kobs has other employment as a librarian which contributes to her income, the Bank argues that she is not a farmer. Consequently, the argument goes, the items she claims exempt are not, as to her, necessary in carrying on a farming operation that is her occupation. The Bank concludes that she is not entitled to exempt the listed items. The Court must, therefore, address whether the farming operation is Mrs. Kobs' business or occupation in light of her other job.

The only evidence the Bank has presented on the question is that which can be gleaned from the exhibits indicating what proportion of Mrs. Kobs' total income comes from non-farm work. From the 1990 income tax return and debtors' Statement of Financial Affairs, it appears that from a gross revenue perspective, the farm produced $73,959.00, although it operated at a loss after deduction of expenses. Apparently Mrs. Kobs' job as a librarian contributed $8,256.00 of additional

income in 1990, making her contribution to gross income approximately ten percent of the total 1990 income. There is no evidence to show the total 1991 income picture. On the record presented, Mrs. Kobs' outside work can hardly be said to have contributed a major portion of the couple's means of living. Even under the "primary occupation" test used by Judge Pusateri in *In re Oetinger,* 49 B.R. 41 (Bankr.D.Kan.1985), Mrs. Kobs would qualify as a farmer.

Whether such a test should be applied is problematic since the statute itself contains no language prohibiting outside employment or that indicates a person cannot qualify for exemptions when he or she holds more than one job. Since the language of the statute does not require that farming be Mrs. Kobs' exclusive and sole means of making a living, on the record here, the Court cannot say that farming is not Mrs. Kobs' business or occupation. Therefore, the Court holds that despite the fact Mrs. Kobs has taken a part-time job off the farm, for purposes of determining her rights to exemption under the state exemption statute, her occupation and business continue to be farming.

Finally, there is a submerged issue of "ownership" which the statute only implies must be fulfilled. Mrs. Kobs testified that she and Mr. Kobs own everything on the farm together, including the untitled property items she claims as exempt. Mr. Kobs supports his wife in that view. She has joined him as a responsible party on the notes and mortgages relating to the funds borrowed for farming purposes. This has significance as an indication that Bank officials thought Mrs. Kobs owned an interest in the property pledged to secure the loans.

█ Under Kansas law, co-ownership of personal property acquired during marriage is allowed. *In re Griffin,* 141 B.R. 207 (Bankr.D.Kan.1992). The objecting party has the burden of proving that the exemptions are not properly claimed. The Bank has presented no evidence to show that Mrs. Kobs was not the owner of the machinery. The Court believes that Mrs. Kobs' unrebutted testimony of ownership satisfies the exemption statute, which is liberally construed under Kansas law to effectuate its purpose.

*Nohinek v. Logsdon,* 6 Kan.App.2d 342, 628 P.2d 257 (1981).

Accordingly, the Court finds that Mrs. Kobs is entitled to the tool-of-the-trade exemption for the farm equipment under K.S.A. § 60–2304(e) (1991 Supp.). For the same reasons relating to the analysis applicable to Mr. Kobs stated above, § 522(f) operates to avoid the Bank's lien on those items allowed as exempt to Mrs. Kobs.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.