F I L E D
United States Court of Appeals
Tenth Circuit

JUN 3 2003

PATRICK FISHER
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:  DONALD R. LAMPE and
SHELIA L. LAMPE,

      Debtors.

DONALD R. LAMPE and
SHELIA L. LAMPE,

      Appellees,

v.

DARCY D. WILLIAMSON, Chapter 7
Trustee,

      Appellant,

and

IOLA BANK & TRUST CO.

KANSAS BANKERS ASSOCIATION,

      Amicus Curiae.

No. 02-3221

**APPEAL FROM THE UNITED STATES
BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT
(B.A.P. No. KS-01-007)**

Submitted on the briefs:

Darcy D. Williamson, Trustee, Topeka, Kansas, for the Appellant.

William E. Metcalf, Metcalf & Justus, Topeka, Kansas, for the Appellees.

Anne L. Baker, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, Kansas, filed an Amicus Curiae Brief on behalf of Kansas Bankers Association in Support of Appellant.

---

Before **LUCERO**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.[*]

---

Debtors Donald and Shelia Lampe are husband and wife farmers who filed for Chapter 7 bankruptcy. The Lampes each claimed as exempt from the bankruptcy estate $7500 worth of farm equipment as "tools of the trade" under the applicable Kansas exemption statute. The Trustee objected to Shelia Lampe's claim, arguing she did not have a sufficient ownership interest in the farm equipment to claim the exemption. The United States Bankruptcy Court for the District of Kansas agreed with the Trustee, and held Shelia Lampe could not claim the exemption. The Lampes appealed. The United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP) reversed, holding Shelia Lampe was entitled to the "tools of the trade" exemption. The Trustee appeals, arguing Shelia Lampe does not have an ownership interest in the farm equipment. The Trustee

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case therefore is submitted without oral argument.

2

further argues that if Shelia Lampe does have an ownership interest in the farm equipment, then the Lampes' farm operation was a partnership, in which case neither Shelia nor Donald Lampe may claim the "tools of the trade" exemption. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm the BAP decision.

I.

Donald and Shelia Lampe married in 1980. Both actively participated in farming activities from that time until at least 2000. Donald Lampe performed all the activities required in the farming operation, and Shelia Lampe performed all the same activities except running the planter and the combine. In approximately 1997, Shelia Lampe began working part-time as a secretary to supplement the family income. She continued to work on the farm in addition to her outside employment. The Lampes obtained loans from Iola Bank & Trust and the Farm Services Agency, but eventually they were unable to meet these financial obligations. Upon filing a joint Chapter 7 petition, the Lampes each claimed as exempt from the bankruptcy estate $7500 worth of "tools of the trade" exemptions under Kan. Stat. Ann. § 60-2304(e) for certain farm equipment.[1] The Trustee and Iola State Bank & Trust filed timely objections thereto.[2]

_____

[1] The claimed equipment is (1) an Allis Chambers wide front tractor ($600); (2) a Case auger wagon ($300); (3) a cattle trailer ($500); (4) a 1962 International truck ($2250); (5) cattle panels ($450); (6) a fifth wheel trailer ($1500); (7) a 1984 C-7000 4 ½ ton grain truck ($3000); (8) a 1984 GMC flatbed pickup truck ($1400); and (9) equity in a 1980 IHC 3588 2+2 tractor ($5000); for a total of $15,000 in combined exemptions.

[2] Iola State Bank & Trust appealed to the BAP, but does not join the Trustee in

(continued...)

3

The bankruptcy court held an evidentiary hearing at which Donald and Shelia Lampe testified about the claimed exemptions. Donald Lampe testified that although he obtained some of the equipment from his father, most of it was purchased with money earned from the farm operation that had been deposited in their joint bank account. Both Lampes signed the notes and security agreements to obtain operating loans for which the farm equipment served as collateral. Donald Lampe testified that Shelia had an ownership interest in the equipment, stating they owned the equipment "half and half." Shelia Lampe also testified that she and her husband owned the equipment together, and that they farmed as a team. She denied they had a partnership agreement in the legal, non-marital sense. Shelia Lampe deposited income from her outside job into the joint account. On the Lampes' joint tax returns, Donald Lampe is shown as the sole proprietor of the farming business, and the business took depreciation deductions for the farm equipment. Only Donald Lampe reported self-employment income and self-employment taxes for the farm enterprise.

The bankruptcy court held that in order to qualify for the exemption, Shelia Lampe must have an ownership interest in the property. The court determined that because

---

[2](...continued)
this appeal. The Bank and the Trustee argued below that the Lampes were not entitled to a "tools of the trade" exemption for farm equipment because by the time of the bankruptcy petition, the Lampes obtained outside employment and thus were no longer farmers by trade. The bankruptcy court and the BAP held the Lampes' primary occupation was farming despite their efforts to supplement farm income with outside employment, and the Trustee does not appeal that holding.

4

Kansas is not a community property state, Shelia Lampe acquired no interest in the property by virtue of the marital relationship. Instead, she had to show she acquired an interest in the property "by gift or inheritance, by purchase with [] her sole and separate property, or by some agreement involving a partnership, joint venture, association, corporation, or other business entity legally recognized by Kansas law." Finding that Donald Lampe was the sole proprietor of the farm business, and that he acquired the farm equipment with proceeds from the farm business or through some unspecified manner from his father, the bankruptcy court held Donald Lampe owned as his sole and separate property the business and the equipment. Finally, the court noted that if Shelia Lampe did have an ownership interest in the farm equipment, then her interest was as her husband's partner. If the farming operation was a partnership, neither Donald nor Shelia Lampe could claim the exemption because partnerships cannot claim a tools of the trade exemption under Kansas law.

The Lampes appealed, and the BAP reversed. In an able opinion authored by the late bankruptcy judge Donald Cordova, the BAP concluded that "based on the . . . Debtors' intent, their conduct in carrying on the farming operation, in purchasing the equipment from a joint account funded by earnings from the farm, and in pledging the equipment together as security for operating loans, Shelia Lampe co-owned the property for purposes of the tools of the trade exemption." In re Lampe, 278 B.R. 205, 213 (BAP 10th Cir. 2002). The BAP also rejected the suggestion that the Lampe farming operation

was a partnership in the legal sense; instead, the BAP concluded it was "a family business operating as a proprietorship with each Debtor as a co-owner of the equipment." Id. at 214. Consequently, the BAP held Shelia Lampe was entitled to claim $7500 in "tools of the trade" exemptions on the farm equipment.

## II.

On appeal from BAP decisions, we independently review the bankruptcy court's decision. In re Albrecht, 233 F.3d 1258, 1260 (10th Cir. 2000). "[W]e review the bankruptcy court's legal determinations de novo, and its factual findings under the clearly erroneous standard." In re Miniscribe Corp., 309 F.3d 1234, 1240 (10th Cir. 2002).

### A.

Upon filing a bankruptcy petition, the debtors' property becomes property of the bankruptcy estate subject to the exemptions listed in 11 U.S.C. § 522. See 11 U.S.C. §§ 522 & 541. Section 522(b) specifies that the debtor can take the exemptions enumerated in § 522(d) unless applicable state law specifically provides otherwise. Kansas has opted out of the federal plan, and has enacted its own set of exemptions. See Kan. Stat. Ann. § 60-2312. "When determining the validity of a claimed state law exemption, bankruptcy courts look to the applicable state law." In re Urban, 262 B.R. 865, 866 (Bankr. D. Kan. 2001). Under Kansas law,

> [e]very person residing in [Kansas] shall have exempt from seizure and sale upon any attachment, execution, or other process issued from any court in this state, the following articles of personal property:
> . . .

6

(e) The books, documents, furniture, instruments, tools, implements and equipment . . . or other tangible means of production regularly and reasonably necessary in carrying on the person's profession, trade, business or occupation in an aggregate value not to exceed $7500.

Kan. Stat. Ann. § 60-2304(e).

To claim the "tools of the trade" exemption under § 60-2304(e), the farm equipment must "belong to" the debtor and must be "necessary" and "personally used for the purpose of carrying on his [or her] trade or business." Reeves & Co. v. Bascue, 91 P. 77, 77 (Kan. 1907); see also Kan. Stat. Ann. § 60-2304 (describing exempt property as "personal property" subject to "seizure and sale upon any attachment, execution or other process"). On appeal, the Trustee does not dispute that Shelia Lampe is a farmer and that the equipment is necessary for her trade. Instead, the Trustee argues that Shelia Lampe has no ownership interest in the claimed farm equipment, and because it is not her personal property, she is not entitled to the exemption. In determining whether a debtor is entitled to claim an exemption, "the exemption laws are to be construed liberally in favor of exemption." In re Ginther, 282 B.R. 16, 19 (Bankr. D. Kan. 2002). Once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed. Id.

The Trustee relies primarily on In re Goebel, 75 B.R. 385 (Bankr. D. Kan. 1987). In Goebel, husband and wife farmers filed a joint bankruptcy petition. Both claimed as exempt tools of the trade various items of property. A creditor objected that Mrs. Goebel was not entitled to the exemption because she did not have an ownership interest in the

7

property claimed as exempt. After noting a spouse does not automatically acquire an ownership interest in property simply by virtue of the marital relationship, see Kan. Stat. Ann. §§ 23-201(a) & 23-204, the Goebel court held that to demonstrate an ownership interest in business property, a spouse must acquire it with her "sole and separate property, receive it by gift or inheritance, contribute toward its purchase with sole and separate funds, or acquire it by some agreement, such as in a partnership, joint venture, association, corporation or other such legally recognized business entity or vehicle." Goebel, 75 B.R. at 387. Finding no evidence that Mrs. Goebel acquired an ownership interest by any of these means, the court concluded she was not entitled to exempt the equipment as tools of the trade. Id.; see also In re Oetinger, 49 B.R. 41 (Bankr. D. Kan. 1985) (finding farm wife acquired ownership interest in farm equipment through legal partnership with husband, not by marital relationship, and therefore farm operation was a partnership through which husband had apparent authority to bind partnership without wife's signature). The Trustee urges us to adopt this reasoning and likewise deny Shelia Lampe's claimed exemption.

The Kansas state courts have not addressed this precise issue, and the bankruptcy courts in the district of Kansas do not uniformly adopt the Goebel approach. In several decisions, Kansas bankruptcy courts have allowed a farm wife a tools of the trade exemption in similar circumstances. For example, in In re Zink, 177 B.R. 713, 714-15 (Bankr. D. Kan. 1995), the bankruptcy court held that Mrs. Zink co-owned with her

8

husband a feed truck even though she presented no evidence she purchased the truck with her separate property. Mrs. Zink's name was on the title, however, and the bankruptcy court noted that spouses may co-own marital property under Kansas law. Id. at 715. Likewise, the bankruptcy court held in In re Kobs, 163 B.R. 368, 373 (Bankr. D. Kan. 1994), that Mrs. Kobs co-owned machinery where she and her husband testified they jointly owned everything on the farm, Mrs. Kobs joined her husband as a responsible party on notes and mortgages related to funds borrowed for farming purposes, and the bank presented no evidence Mrs. Kobs did not own the machinery. And the bankruptcy court in In re Griffin, 141 B.R. 207, 210 (Bankr. D. Kan. 1992), held Mrs. Griffin was entitled to a tools of the trade exemption where she possessed the equipment, she used the equipment to farm, farm proceeds and outside wages were deposited in a joint account from which farm expenses were paid, all equipment was purchased during the marriage, she testified that she co-owned the equipment, and the bank presented no rebuttal evidence suggesting she did not have an ownership interest in the equipment.[3]

Absent contrary authority from the Kansas courts, we are persuaded by the reasoning expressed by the BAP's opinion in this case, and by the other Kansas

---

[3] See also In re Kieffer, 279 B.R. 290, 295-97 (Bankr. D. Kan. 2002) (relying on the BAP's published opinion in Lampe to rule wife is co-owner by virtue of work done on farm, debtors' intent to co-own, and wife's signature on security agreements); In re Meckfessel, 67 B.R. 277, 278 (Bankr. D. Kan. 1986) (farm wife entitled to exemption where wife helped farm their mutual property for their mutual benefit and bank presented no rebuttal evidence).

bankruptcy court decisions permitting a wife to claim a tools of the trade exemption on farm equipment. Although we agree with the Trustee that spouses can own separate property under Kansas law, they need not do so. Spouses may co-own property. See Kan. Stat. Ann. § 23-201(b) (referring to spousal property co-owned such as in joint tenancy or tenancy in common); see also In re Zink, 177 B.R. at 715 (spouses may co-own marital property under Kansas law); In re Kobs, 163 B.R. at 373 (same); In re Griffin, 141 B.R. at 210 (same). Thus, we agree with the BAP that the test for co-ownership for purposes of the tools of the trade exemption is not whether a spouse can demonstrate he or she acquired an ownership interest by purchase with separate property, gift or inheritance, as in Goebel. Instead, the debtors' intent and conduct controls. In re Lampe, 278 B.R. at 213; see also In re Griffin, 141 B.R. at 210 ("Since co-ownership of personal property acquired during marriage is allowed, the Court must be able to determine its existence from evidence of the intent and conduct of the party claiming title, unless some rule of law prevents it."). This test recognizes the practical realities of the marital relationship. Spouses do not regularly document gifts between themselves, and many spouses choose to co-mingle assets and co-pay expenses out of joint accounts without keeping the strict accounting requirements required to prove co-ownership under Goebel. Thus, the BAP's test is more compatible with Kansas' general rule that exemptions are to be construed liberally in favor of allowing the exemption. See In re Kobs, 163 B.R. at 373-74.

10

Here, the Lampes testified that they jointly owned the equipment. Their conduct supports that view. Shelia Lampe worked on the farm and operated all equipment except the planter and combine. All proceeds from the farming operation were placed in a joint account, and funds to pay for the equipment came out of this account. Shelia Lampe also deposited her outside employment income into the joint account, out of which the farm equipment was purchased. Shelia Lampe co-signed on the notes and security agreements to obtain operating loans for which the farm equipment served as collateral. Based on the Lampes' intentions and conduct, the Trustee failed to meet its burden of proving Shelia Lampe lacked an ownership interest in the farm equipment.[4]

B.

The Trustee alternatively argues that if Shelia Lampe does have an ownership

---

[4] Shelia Lampe deposited wages she earned from her outside employment into the joint account from which the farm equipment was purchased. Although Donald Lampe characterized her salary as insignificant when compared to the farm income, Shelia Lampe arguably contributed her income to purchase the farm equipment. Further, the testimony below arguably suggests Donald Lampe gifted one half the equipment to his wife. "To establish a gift inter vivos there must be (a) an intention to make a gift; (b) a delivery by the donor to the donee; and (c) an acceptance by the donee." Heiman v. Parrish, 942 P.2d 631, 633 (Kan. 1997). Donald Lampe testified to his intention that his wife own the property "half and half," indicating his intent to gift to her a one-half interest in all property. Shelia Lampe also testified she used the equipment for farming and believed she owned half the equipment, indicating her acceptance of her husband's gift. The Lampes did not argue below or on appeal that they established separate property purchases or gifts. The bankruptcy court made no findings on whether Shelia Lampe's funds were used to purchase the equipment, or whether Donald Lampe intended to gift a one-half interest in the property to his wife. We note simply that the record was not bereft of evidence of separate property purchases or gifts in this case.

11

interest in the farm equipment, then the Lampes' farming operation was a partnership, not a sole proprietorship. Under Kansas law, individual partners may not claim an exemption for partnership property. See In re Kane, 167 B.R. 224, 226 (Bankr. D. Kan. 1993); Kan. Stat. Ann. § 56a-203 ("Property acquired by a partnership is property of the partnership and not of the partners individually."). Thus, the Trustee argues that if Shelia Lampe co-owns the equipment, she is her husband's partner in the farming operation, and neither spouse is entitled to the exemption as partners.

The bankruptcy court noted that the Lampes testified they did not intend to create a partnership, and "their tax returns support that claim." But the bankruptcy court concluded that if Shelia Lampe had an ownership interest in the farm equipment, then the Lampes operated their farm as a partnership:

> To qualify for the tool of trade exemption . . . Mrs. Lampe could not passively co-own the farm equipment but had to participate personally in the farming operation to be able to claim farming as her primary occupation. Under the [Revised Uniform Partnership Act of 1997], though, if she co-owned the farm equipment purchased with the proceeds from the farm, her personal participation in the operation, combined with sharing the profits with her husband, would have made their farming relationship into a partnership.

The BAP rejected this analysis, and held the Lampes' farming operation "was not a partnership in the legal sense, but a family business operated as a proprietorship with each Debtor as co-owner of the equipment." In re Lampe, 278 B.R. at 213.

Pursuant to Kan. Stat. Ann. § 56a-202, "the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the

12

persons intend to form a partnership." Kansas does not have filing or creation requirements for partnerships; rather, the parties' intentions, the terms of their agreement, and the manner in which they carry out their business determines their status. Grimm v. Pallesen, 527 P.2d 978, 982 (1974). In determining whether a partnership has been formed, Kansas considers the following:

> (1) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not by itself establish a partnership, even if the co-owners share profits made by the use of the property.
> (2) The sharing of gross returns does not by itself establish a partnership, even if the persons sharing them have a joint or common right or interest in property from which the returns are derived.
> (3) A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment [of a debt, for services or wages, of rent, of an annuity or other retirement or health benefit, of interest or other charge on a loan, or for the sale of goodwill].

Kan. Stat. Ann. § 56a-202(c)(1)-(3).

The Lampes co-owned the farm equipment, jointly participated in the work, and shared the profits. Thus, their farm operation reflects some elements of a partnership. But the existence of a partnership where the alleged partners are spouses raises complex legal issues. The usual indicia of a partnership are blurred by the marital relationship. The co-owning of property, sharing of profits, and the apparent authority for one spouse to act on behalf of the other are all common to the marital relationship even absent a business. See In re Griffin, 141 B.R. at 211-12.

The Trustee bears the burden of proving an exemption is improperly claimed. See

13

In re Ginther, 282 B.R. at 19.  Thus, the Trustee bears the burden of proving a partnership relationship existed between the Lampes in this case.  Both Donald and Shelia Lampe testified that no partnership was intended, and they filed their joint tax returns reflecting that the farming business was a sole proprietorship.  Although the Lampes deposited profits in a joint account, no evidence suggested this arrangement was required by an agreement to share profits as partners rather than the voluntary co-mingling of funds as spouses.  The Trustee has not directed us to any evidence the Lampes held themselves out to creditors or customers as a legal partnership.  Absent a showing of some other indicia of a partnership beyond those incident to the marital relationship, the Trustee has not met its burden of proving a partnership existed, and Shelia Lampe therefore is entitled to claim the "tools of the trade" exemption.

AFFIRMED.