FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

February 3, 2022

Blaine F. Bates
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE ERIC D. MAYNOR,

    Debtor.

_____

LARRY RUSSELL HOMES COMPANY,

    Appellant,

v.

ERIC D. MAYNOR,

    Appellee.

BAP No. WO-21-027

Bankr. No. 21-10836
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma

_____

Before **MICHAEL**, **PARKER**, and **THURMAN**, Bankruptcy Judges.

_____

**PARKER**, Bankruptcy Judge.

_____

Debtor lived and worked in Oklahoma for two years prior to filing bankruptcy in

Oklahoma. In his bankruptcy case, citing the Oklahoma exemption statutes, Debtor

---

[1]This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

claimed a homestead exemption in real property in North Carolina, where he allegedly intends to return after his Oklahoma employment ends. The Bankruptcy Court overruled an unsecured creditor's objection to Debtor's claimed homestead exemption, concluding Debtor's prepetition domicile was in North Carolina[2] and the extraterritorial reach of the Oklahoma homestead exemption law allowed Debtor to claim the North Carolina property as his homestead. The unsecured creditor appeals the Bankruptcy Court's order allowing the exemption.

The Bankruptcy Court concluded correctly that Debtor's prepetition domicile was in North Carolina. But under Bankruptcy Code § 522(b)(3)(A), the law of the state of Debtor's prepetition domicile—North Carolina—governs Debtor's claim of exemption. We therefore reverse the Bankruptcy Court's order allowing Debtor's claimed exemption under Oklahoma law.[3]

## I.    BACKGROUND

On April 5, 2021, Debtor filed a voluntary chapter 7 bankruptcy petition[4] in the Bankruptcy Court. Debtor attached to the bankruptcy petition his sworn bankruptcy

---

[2] The Bankruptcy Court did not make a specific finding that Debtor's domicile was located in North Carolina for the full 730 days immediately preceding the bankruptcy petition date. But the Bankruptcy Court's comments as a whole at the hearing reflect a determination that Debtor's domicile for the full two-year period prior to the petition date was North Carolina.

[3] Because North Carolina law governs Debtor's claim of exemption, we need not consider the Bankruptcy Court's additional holding that the Oklahoma homestead exemption law applies extraterritorially to property in North Carolina.

[4] Appellant's App. at 1.

schedules listing, among other items, his assets, liabilities, claimed exemptions, and income. Citing the Oklahoma homestead exemption statutes,[5] Debtor claimed a homestead exemption of $78,403 in his real property located at 377 Louisiana Drive, Raeford, North Carolina ("Property"). The exemption amount represented his equity in the Property based on a scheduled value of $255,000 and a scheduled purchase-money lien of $176,597. On his bankruptcy income schedule, Debtor stated he was employed as a basketball coach in Oklahoma City and had been employed there for two years.

Larry Russell Homes Company ("Creditor"), an unsecured creditor, filed a timely objection[6] to Debtor's claim of exemption, arguing: (a) the Property is not Debtor's principal residence—a requirement under the Oklahoma statute—because Debtor has lived and worked in Oklahoma for two years; and (b) the Oklahoma homestead exemption is not available to real property outside of Oklahoma. In his response,[7] Debtor alleged the Property is his principal residence, he lived at the Property until he moved to Oklahoma for work in 2019, and he intends to return to the Property when his employment in Oklahoma ends. Debtor also argued that Creditor's objection was frivolous and requested sanctions.

---

[5] Okla. Stat. tit. 31, §§ 1(A)(1), (A)(2), 2.

[6] Appellant's App. at 48.

[7] Appellant's App. at 52.

3

At the hearing on the objection, the Bankruptcy Court denied Debtor's request for sanctions, citing Debtor's failure to comply with the safe-harbor procedures set forth in Bankruptcy Rule 9011.

The Bankruptcy Court then overruled Creditor's objection to Debtor's claimed homestead exemption on two grounds. First, the Bankruptcy Court, citing Bankruptcy Rule 4003(c)[8] and noting that Creditor failed to file a witness and exhibit list, held that Creditor failed to prove that North Carolina was *not* Debtor's domicile and that the Property was *not* Debtor's homestead. Second, although it said it did not need to reach the issue, the Bankruptcy Court concluded the Oklahoma exemption statute had extraterritorial effect because the statute does not limit the location of the homestead to Oklahoma.

The Bankruptcy Court then entered its formal order ("Order") on June 25, 2021 denying Debtor's request for sanctions and overruling Creditor's objection to the claimed homestead exemption. Creditor appealed, arguing the Bankruptcy Court erred in determining that the Oklahoma exemption statute applied to the North Carolina Property.

## II.    JURISDICTION

This Court has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties

---

[8] Fed. R. Bankr. P. 4003(c) (providing that in any exemption hearing under Bankruptcy Rule 4003, "the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.").

elects to have the district court hear the appeal.[9] Debtor filed his notice of appeal timely on July 7, 2021, within fourteen days of entry of the  Order.[10] Neither party elected to have the district court hear this appeal. The Order finally resolved Debtor's claim of exemption. Therefore, this Court has valid appellate jurisdiction.[11]

## III.     STANDARD OF REVIEW

The Court must determine which state law governs Debtor's claim of exemption, which in turn depends on the state of Debtor's domicile. This Court thus must interpret Bankruptcy Code § 522(b)(3)(A), which is a legal issue reviewed de novo,[12] and the Court must review the Bankruptcy Court's domicile determination, which is generally regarded as a mixed question of fact and law. The Bankruptcy Court's factual findings are reviewed for clear error and its legal conclusions de novo.[13]

---

[9] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[10] *See* Fed. R. Bankr. P. 8002(a)(1) (providing that generally a notice of appeal must be filed within 14 days of the judgment, order, or decree being appealed).

[11] *See In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir. 1990) (noting that a bankruptcy court's decision granting or denying a claimed exemption is a final order for purposes of appellate review); *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990) (noting that "the appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.").

[12] *In re Liehr*, 439 B.R. 179, 182 (10th Cir. BAP 2010) (interpretation of Bankruptcy Code provisions presents only legal issues that are reviewed de novo).

[13] *Keys Youth Servs., Inc. v. City of Olathe, KS*, 248 F.3d 1267, 1274 (10th Cir. 2001).

## IV.    DISCUSSION

This appeal turns on whether the Bankruptcy Court applied the correct state law when it sustained Debtor's claimed homestead exemption.

### A.    Statutory framework and burden of proof for determining validity of claimed homestead exemption

Bankruptcy Code § 522 provides for the exemption of property from the bankruptcy estate created by § 541. A debtor may exempt from property of the estate a list of property contained in § 522(d) unless the applicable state law does not authorize the debtor to choose these federal bankruptcy exemptions.[14] A majority of the states, including Oklahoma, have exercised this veto—or "opt-out"—power.[15] A debtor may also exempt from property of the estate any property that is exempt under applicable state, local, and nonbankruptcy federal law.[16]

If the debtor claims exemptions under state law, the state exemption law that applies is the state in which the debtor's domicile has been located for the 730 days immediately preceding the bankruptcy petition date.[17] If the debtor's domicile has not been located in a single state for the 730-day period, then the controlling state law is that of the state in which

---

[14] 11 U.S.C. § 522(b)(1), (b)(2).

[15] 4 Collier on Bankruptcy ¶ 522.02 (16th 2021).

[16] 11 U.S.C. § 522(b)(1), (b)(3). For convenience, these exemptions will be referred to simply as the state exemptions.

[17] 11 U.S.C. § 522(b)(3)(A).

6

the debtor was domiciled for the 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.[18]

The determination of a debtor's domicile for purposes of § 522(b)(3)(A) is a question of federal law because one of the central purposes of bankruptcy laws is uniform application.[19] Because state court decisions on the issue of domicile utilize the same concept of domicile as that used in § 522(b)(3)(A), state court decisions are instructive. "Domicile" as used in § 522 means more than mere residence.[20] A person can have more than one residence but only one domicile.[21] A person can reside in one place but be domiciled in another.[22]

> [T]he term "residence" does not include the intention required for domicile. Domicile means actual residence coupled with a present intention to remain there. It is the place where one intends to return when one is absent and where one's political rights are exercised. Mere physical removal to another jurisdiction without the requisite intent is insufficient to effect a change of domicile.[23]

No single factor can conclusively establish domicile. Among the factors to be considered are: (1) current residence; (2) voting registration and voting practices; (3)

---

[18] *Id.*

[19] *Farm Credit Bank of Wichita v. Hodgson (In re Hodgson)*, 167 B.R. 945, 950 (D. Kan. 1994); *accord In re Sparfven*, 265 B.R. 506, 519 (Bankr. D. Mass. 2001); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted.").

[20] 4 Collier on Bankruptcy ¶ 522.06 (16th 2021).

[21] *In re Hodgson*, 167 B.R. at 950.

[22] *Mississippi Band of Choctaw Indians*, 490 U.S. at 48.

[23] 4 Collier on Bankruptcy ¶ 522.06 (16th 2021).

location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions, and other organizations; (7) location of a person's physician, lawyer, accountant, dentist, and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.[24]

A person may have only one domicile at a time, and until a new one is acquired, the rebuttable presumption is that it continues until changed.[25] Absence from a fixed home, even if for long periods, cannot alone cause a change in domicile.[26] When a person has two residences, the earlier in time remains the individual's domicile until a clear intention to change is established.[27] Where a change of domicile is alleged, the burden of proof rests upon the party making the allegation.[28] This burden of proof regarding change of domicile aligns with the burden of proof in an exemption dispute like this one. Under Bankruptcy

---

[24] *District of Columbia v. Murphy*, 314 U.S. 441, 455–58 (1941); *In re Hodgson*, 167 B.R. at 950-51.

[25] *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed."); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("The party invoking diversity jurisdiction might satisfy this burden by leaning on a rebuttable presumption that its domicile, once established, remains the same.") (citing *Mitchell*, 88 U.S. at 353).

[26] *Mitchell*, 88 U.S. at 353.

[27] *In re Frame*, 120 B.R. 718, 723 (Bankr. S.D.N.Y. 1990) ("It has been held that when a decedent has two residences, the earlier in time remains the individual's domicile until a clear intention to change is established.") (citing *Matter of Estate of Gadway*, 123 A.D.2d 83, 85 (1987)).

[28] *Desmare v. United States*, 93 U.S. 605, 610 (1876); *Mitchell*, 88 U.S. at 353; *In re Shiu Jeng Ku*, No. BAP AZ-16-1174-BJUL, 2017 WL 2705301, at *4 (9th Cir. BAP June 21, 2017) (unpublished).

Rule 4003(c), once a debtor claims an exemption, the objecting party—here, Creditor—bears the burden of proving the exemption is not properly claimed.[29] The exemption is presumed to be valid, and the objecting party has the initial burden of producing evidence to rebut the presumption.[30] Thereafter, the burden shifts back to the debtor to come forward with evidence to demonstrate the exemption was proper.[31]

**B.    The Bankruptcy Court properly found that Creditor failed to prove North Carolina was no longer Debtor's domicile**

No one challenges that Debtor's domicile, prior to moving to Oklahoma, was in North Carolina, but the parties dispute whether Debtor's domicile changed. As the party challenging the exemption, Creditor has the burden of proving Debtor's domicile changed.[32]

Creditor did not file a witness and exhibit list and instead asked the Bankruptcy Court to take judicial notice of Debtor's bankruptcy petition, where he acknowledged his

---

[29] Fed. R. Bankr. P. 4003(c) (providing that in any exemption hearing under Bankruptcy Rule 4003, "the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."); *In re Lampe*, 331 F.3d 750, 754 (10th Cir. 2003) ("Once a debtor claims an exemption, the objecting party bears the burden of proving the exemption is not properly claimed."); *In re Lerner*, 611 B.R. 409, 415–16 (Bankr. D. Kan. 2019) (concluding *Lampe* was binding precedent and controlled over contrary argument that Bankruptcy Rule 4003(c)—a procedural rule—is invalid to the extent it assigns the burden of proof on an objection to a state-law claim of exemption in a manner contrary to state law).

[30] *In re Hodes*, 308 B.R. 61, 66 (10th Cir. BAP 2004).

[31] *Id.*

[32] Fed. R. Bankr. P. 4003(c); *In re Lampe*, 331 F.3d at 754.

9

residency in Oklahoma, his employment in Oklahoma, and his claimed Oklahoma exemptions. The Bankruptcy Court found Debtor's statements in his petition were not sufficient to meet the burden of showing a change in domicile. This Court agrees. The mere filing of a petition does not constitute an admission concerning domicile.[33] Debtor's bankruptcy petition revealed, at most, Debtor's employment in Oklahoma and two residences: one in Oklahoma and one in North Carolina (the Property). Neither party put on additional evidence of domicile factors, such as voting registration and voting practices, location of spouse and family, and driver's license and automobile registration. The Court concludes—as the Bankruptcy Court did—the bankruptcy petition alone was not enough to satisfy Creditor's burden of proof to show that there was a clear intention to change domicile.

**C.     Because Debtor's domicile during the two-year prepetition period was in North Carolina, that state's law governs Debtor's claimed homestead exemption, and the Bankruptcy Court erred in sustaining a claim of homestead exemption under Oklahoma law**

Both parties led the Bankruptcy Court astray by failing to point out that if Debtor's domicile was in North Carolina during the two-year prepetition period, then North Carolina law—not Oklahoma law—governs Debtor's claimed homestead exemption under Bankruptcy Code § 522(b)(3)(A). Because Debtor's prepetition domicile was in North Carolina (as the Bankruptcy Court determined), the Bankruptcy Court should have denied

---

[33] *In re Vaughan*, 188 B.R. 234, 237 (Bankr. E.D. Ky. 1995).

Debtor's claimed homestead exemption, which relied solely on Oklahoma law.[34] Instead, the parties and the Bankruptcy Court assumed incorrectly that Oklahoma law governed the claim of exemption.

Although § 522(b)(3)(A)'s mandate to apply the law of a debtor's prepetition domicile to a claim of exemption was not raised by either party below or on appeal, the BAP may raise the issue sua sponte. "Although it is rarely done, an appellate court may, sua sponte, raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice."[35] There was no valid basis for the Bankruptcy Court to apply Oklahoma exemption law after concluding that Debtor's prepetition domicile was North Carolina. This Court—as a matter of law— cannot uphold the Bankruptcy Court's determination that Debtor was entitled to exempt the Property under Oklahoma law.

---

[34] It would then be up to the Bankruptcy Court to rule on any request by Debtor to amend his claim of exemption to one under North Carolina law.

[35] *Counts v. Kissack Water & Oil Serv., Inc.*, 986 F.2d 1322, 1325-26 (10th Cir. 1993) (sua sponte raising employer's failure to elect to terminate lump-sum retirement benefits until two months after a Treasury regulation deadline, and reversing district court's decision upholding pension plan administrator's decision to eliminate such benefits); *see also Weston v. Goss*, No. 94-4140, No. 94-4204, No. 94-4254, 1995 WL 628125, at *4-5 (10th Cir. Oct. 26, 1995) (unpublished) (reversing district court imposition of Rule 11 sanctions, finding the court may "sua sponte, raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice.") (quoting *Kissack*, 986 F.2d at 1325-26); *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (noting long-standing precedent allowing appellate court to reverse on the basis of a legal theory not previously presented to the district court when the correct resolution of that theory is beyond a reasonable doubt and the failure to intervene would result in a miscarriage of justice).

## V.    CONCLUSION

Creditor failed to prove Debtor's domicile had changed from North Carolina to Oklahoma. Because Debtor's domicile was in North Carolina during the two-year prepetition period, North Carolina law—not Oklahoma law—governs Debtor's claimed homestead exemption under Bankruptcy Code § 522(b)(3)(A). We therefore **REVERSE** the order allowing the exemption under Oklahoma law.