**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: BOBBY DALE LONG,

    Debtor.

--------------------

LYLE R. NELSON, Chapter 7 Trustee,

    Appellant,

v.

BOBBY DALE LONG,

    Appellee.

No. 16-6073

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:15-CV-01197-F)**

Submitted on the briefs:

Lyle R. Nelson, Attorney, Elisabeth D. Brown, Attorney, and Wyatt D. Swinford, Attorney, of Elias, Books, Brown & Nelson, P.C., Oklahoma City, Oklahoma, for Appellant.

J. David Ezzell, Attorney, and Ben Ezzell, Attorney, of Ezzell & Shepherd, PLLC, Enid, Oklahoma, for Appellee.

Before **BRISCOE, EBEL** and **PHILLIPS**, Circuit Judges.

**BRISCOE**, Circuit Judge.

The debtor in this Chapter 7 bankruptcy proceeding, Bobby Long, claimed an exemption in $60,000 worth of life insurance proceeds that he received as a beneficiary shortly prior to filing his bankruptcy petition. The Trustee objected to the claimed exemption, but the bankruptcy court overruled the objection and sustained Long's claimed exemption. The Trustee appealed to the district court, which affirmed the bankruptcy court's decision. The Trustee now appeals to this court. Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm.[1]

I

Donna Long, the wife of debtor Bobby Dale Long (Long), held a life insurance policy (the Policy) in the amount of $60,000. Long was the named beneficiary under the Policy. Donna Long died on July 22, 2014. On October 8, 2014, Long received the proceeds of the Policy in the form of a $60,000 check. Long cashed the check on December 11, 2014, depositing $56,500 of the funds into his savings account and $1,500 into his personal checking account, and retaining $2,000 in cash.

On November 4, 2014—after he received the life insurance check, but before he cashed it—Long filed a voluntary Chapter 7 bankruptcy petition in the United States

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Bankruptcy Court for the Western District of Oklahoma. Long subsequently filed an amended Schedule C claiming an exemption in and to the $60,000 he received as beneficiary under the life insurance policy.

On May 19, 2015, the Trustee filed an objection to Long's amended schedule, arguing that Long was not entitled to an exemption in the life insurance proceeds. In response, Long argued that "the life insurance policy payout . . . [was] exempt pursuant to 36 Okla. Stat. §3631.1(A) [sic]." Jt. App. at 44. The Trustee argued in reply that section 3631.1(A) does not exempt insurance policy proceeds that have already been paid out to a beneficiary.

On October 8, 2015, the bankruptcy court issued a written order sustaining Long's claimed exemption. The Trustee filed a timely notice of appeal, electing to have the appeal heard by the district court. On February 16, 2016, the district court issued a written order affirming the bankruptcy court's ruling.

The Trustee now appeals to this court.

II

On appeal, the Trustee argues that the bankruptcy court erred in interpreting Okla. Stat. tit. 36, § 3631.1(A) to afford Long with an exemption in the $60,000 proceeds he received from the Policy. "In an appeal from a final decision of a bankruptcy court, 'we independently review the bankruptcy court's decision, applying the same standard as the [bankruptcy appellate panel] or district court.'" In re Millenium Multiple Emp'r Welfare Benefit Plan, 772 F.3d 634, 638 (10th Cir. 2014) (quoting In re Baldwin, 593 F.3d 1155,

3

1159 (10th Cir. 2010)).  "In doing so, we treat the bankruptcy appellate panel or district court as a 'subordinate appellate tribunal whose rulings are not entitled to any deference (although they may certainly be persuasive).'" Id. (quoting In re Miller, 666 F.3d 1255, 1260 (10th Cir. 2012)).  "A bankruptcy court's legal conclusions are reviewed de novo, while its factual findings are reviewed for clear error." Id.

The filing of a Chapter 7 bankruptcy petition "creates an estate," 11 U.S.C. § 541(a), and "the debtors' property becomes property of the bankruptcy estate subject to the exemptions listed in 11 U.S.C. § 522," Lampe v. Williamson (In re Lampe), 331 F.3d 750, 754 (10th Cir. 2003).  "Section 522(b) specifies that the debtor can take the exemptions enumerated in § 522(d) unless applicable state law specifically provides otherwise." Id.  As applicable here, the State of Oklahoma has opted out of the federal exemption scheme and has enacted its own set of exemptions.  See Okla. Stat. tit. 31, § 1(B) ("No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Section 522 of the Bankruptcy Reform Act of 1978 . . . except as may otherwise be expressly permitted under this title or other statutes of this state.").

At issue is whether Okla. Stat. tit. 36, § 3631(A)(4) affords Long an exemption in the Policy proceeds.  Section 3631.1, which is part of Oklahoma's Insurance Code, is entitled "Certain money and benefits exempt from legal process or seizure—Exceptions." Subsection (A) of the statute states:

4

All money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, under any policy issued by a mutual benefit association, or under any plan or program of annuities and benefits, shall:

1.  Inure exclusively to the benefit of the person for whose use and benefit the money or benefits are designated in the policy, plan or program;

2.  Be fully exempt from execution, attachment, garnishment or other process;

3.  Be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and

4.  Be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

Okla. Stat. tit. 36, § 3631.1(A).

The Trustee argues, as he did below, that the phrase "to be paid or rendered" in the opening sentence of subsection (A) places a temporal requirement on the exemption. More specifically, the Trustee argues that this phrase clearly demonstrates an intent for the exemption to apply only up to the point at which the policy proceeds are actually paid to the insured or beneficiary. Although the Trustee acknowledges that subsection (A)(3) employs the phrase "before or after said money or [insurance] benefits is or are paid or rendered," he argues that subsection (A)(3) is inapplicable in this case for two reasons. First, he argues that only subsection (A)(4), which directly references "bankruptcy proceedings," governs what happens in bankruptcy proceedings. Second, and relatedly, he argues that the Oklahoma Legislature expanded the temporal limitation of the statute

5

in subsection (A)(3), but did not do so in subsection (A)(4), and instead intended for the general temporal limitation to apply in bankruptcy proceedings.

The Trustee's arguments hinge in large part on the proper interpretation of the opening clause of Subsection (A) of the statute, which refers to "[a]ll money or benefits of any kind . . . to be paid or rendered to the insured or any beneficiary." As noted, the Trustee asserts that the phrase "to be paid or rendered" limits application of Subsection (A) to only the "money or benefits of any kind" that will be paid or rendered to an insured or beneficiary at some point in the future and are thus still in the possession of the "life, health or accident insurance company," "mutual benefit association," or "plan or program of annuities and benefits" referred to in the remainder of the opening clause of Subsection (A). Thus, the Trustee asserts, the opening clause of Subsection (A) does not encompass any money or benefits that have already been paid to an insured or beneficiary. In contrast, Long argues, and the bankruptcy court agreed, that the phrase "to be paid or rendered" refers to "[a]ll money or benefits of any kind" whenever paid to an insured or beneficiary. In other words, Long argues, there is no temporal limitation imposed by the opening clause of Subsection (A), and thus it applies, for example, to insurance proceeds already paid to a beneficiary.

The plain language of the opening clause of Subsection (A), viewed in isolation, can most certainly be read in the manner suggested by the Trustee. Specifically, the phrase "to be paid or rendered," can reasonably be read as the future tense of the verbs "pay" and "render," and would thus indicate that the clause is referring to all types of

6

money or benefits that will be paid or rendered to an insured or beneficiary at some point in the future (whether or not the triggering event for payment of such money or benefits has or has not already occurred). See United States v. Gibbons, 71 F.3d 1496, 1500 n.3 (10th Cir. 1995) (noting that the use of "to be" indicates future tense); Ferguson v. Flying Tiger Line, Inc., 688 F.2d 1320, 1323 (9th Cir. 1982) (holding that the phrase "'[t]o be taken' is, of course, a future tense of the verb 'take.'"). Under such a reading, the opening clause of Subsection (A) would exclude any money or benefits that have already been paid to an insured or beneficiary.

Two longstanding decisions of the Oklahoma Supreme Court, however, lead us to conclude that the opening clause of Subsection (A) must be interpreted in the broader manner argued by Long. See Etherton v. Owners Ins. Co., 829 F.3d 1209, 1223 (10th Cir. 2016) ("If the state's highest court has interpreted a state statute, we defer to that decision. If the state's highest court has not interpreted a state statute, we instead predict how that court would rule.") (citation omitted); In re Borgman, 698 F.3d 1255, 1259 (10th Cir. 2012) (holding that the scope and application of state exemptions are defined by the state courts, and that we are bound by their interpretations). In State ex rel. Lankford v. Collins, 174 P. 568 (Okla. 1918), and later in First Nat'l Bank of Cushing v. Funnell, 290 P. 177 (Okla. 1930), the Oklahoma Supreme Court interpreted two similarly-worded and -purposed insurance statutes. At issue in Lankford was a 1910 Oklahoma statute "relating to fraternal insurance associations" that read as follows:

7

> The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this article shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of the certificate holder, or of any beneficiary named in any certificate, or any person who may have any right thereunder.

174 P. at 569. The Oklahoma Supreme Court, after acknowledging that some other states had interpreted similarly-worded statutes in a strict manner to include only money or benefits to be paid in the future, held that the phrase "to be paid, provided or rendered," as used in this statute, was "descriptive of the benefits and not of the exemption, [and] d[id] not limit the exemption to any particular time or to any condition not specifically expressed in the s[tatute]." Id. at 571–72.

In Funnell, the Oklahoma Supreme Court addressed a 1925 Oklahoma statute dealing with mutual benefit associations that read as follows:

> The money or other benefit to be paid, provided or rendered by any association authorized to do business under this Act, shall not be liable to attachment by trustee, garnishee or other process.

290 P. at 177. The defendant in Funnell argued that the statute "only exempt[ed] money to be paid; that the exemption d[id] not obtain after payment to the beneficiary and deposit thereof by him in [his] bank." Id. The Oklahoma Supreme Court, citing its prior decision in Lankford, rejected the defendant's proposed interpretation. Id. ("The question . . . has been settled in this state adversely to the contention of defendant."). Notably, the defendant in Funnell argued "that the statute [at issue] was amended since the rendition of the opinion in the Lankford Case, and that the rule therein announced therefore no longer

8

applie[d]." Id. at 177–78.  The Oklahoma Supreme Court summarily rejected that argument, stating: "The amendment did not materially change the statute in this respect. We adhere to the rule therein announced [in Lankford]."  Id. at 178.

Returning to the opening clause of Subsection (A), the only textual difference between it and the statutes at issue in Lankford and Funnell is that Subsection (A) employs the phrase "to be paid or rendered" rather than the phrase "to be paid, provided or rendered."  That difference, however, is insignificant.  In light of Lankford and Funnell, we are bound to interpret the opening clause of Subsection (A) in a similar manner.  We thus conclude that Subsection (A) does not place any temporal limitation on the money or benefits referred to in the clause, but instead encompasses money or benefits that have or will be paid to an insured or beneficiary.

We note that, contrary to the Trustee's suggestion, this interpretation of Subsection (A) is bolstered by the language of Subsection (A)(3).  Subsection (A)(3) states that the "money or benefits" referred to in the opening clause of Subsection (A) shall "[b]e fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered."  Okla. Stat. tit. 36, § 3631.1(A)(3) (emphasis added).  If, as argued by the Trustee, the opening clause of Subsection (A) encompassed only "money or benefits" that have not yet been paid to an insured or beneficiary, then the emphasized language of Subsection (A)(3) would prove meaningless, and indeed absurd.  More specifically, Subsection

9

(A)(3) refers to "said money or benefits," obviously referring to the "money or benefits" described in the opening clause of Subsection (A).  If the "money or benefits" described in Subsection (A) included only money or benefits that have yet to be paid to an insured or beneficiary, then, by necessity, there would never be any money or benefits actually paid or rendered to an insured or beneficiary.  In other words, Subsection (A)(3)'s reference to "after said money or benefits is or are paid or rendered" would be unnecessary and thus meaningless.

That leaves only the Trustee's argument that Subsection (A)(4) alone governs bankruptcy proceedings and that Subsection (A)(3) has no application in bankruptcy proceedings.  We need not resolve whether (A)(3) applies to bankruptcy proceedings.  Having concluded that the opening clause of Subsection (A) encompasses "[a]ll money or benefits of any kind" that have or will be paid to an insured or beneficiary, it is beyond dispute that Subsection (A)(4) operates to render such money or benefits "fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary."

For these reasons, we agree with the bankruptcy court that Long was entitled to an exemption in the $60,000 of life insurance proceeds that he received prior to filing his bankruptcy petition.

AFFIRMED.

10