**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 30, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

In re: AKEEM ABDULLAH MAKEEN,

    Debtor.

------------------------------

AKEEM ABDULLAH MAKEEN, Debtor,

    Appellant,

v.

DAVID V. WADSWORTH, Chapter 7
Trustee,

    Appellee.

------------------------------

UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF
COLORADO; U.S. TRUSTEE,

    Interested Parties.

No. 23-1110
(D.C. No. 1:21-CV-01469-DDD)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Akeem Abdullah Makeen is a Chapter 7 debtor proceeding pro se.  He argues the bankruptcy court should have allowed him to exempt his rental properties from the bankruptcy estate because those properties are his "stock in trade."  We have jurisdiction under 28 U.S.C. § 158(d)(1) and we affirm the bankruptcy court's conclusion that real property is not stock in trade within the meaning of the relevant statute.

## I.    BACKGROUND & PROCEDURAL HISTORY

Colorado has opted out of the federal bankruptcy exemptions, in favor of state-created exemptions.  *See* Colo. Rev. Stat. § 13-54-107.  Among those state-created exemptions are "the stock in trade, supplies, fixtures, maps, machines, tools, electronics, equipment, books, and business materials of a debtor that are used and kept for the purpose of carrying on [the debtor's gainful occupations]."  *Id.* § 13-54-102(1)(i)(I).

Makeen filed for bankruptcy in Colorado in July 2018.  In May 2020, he amended his property schedules and claimed, apparently for the first time, that two of his rental properties are exempt as stock in trade for his rental business.

In March 2021, Makeen again amended his property schedules.  The March 2021 amendment continued to claim the same two rental properties under the stock-in-trade exemption.

Later in March 2021, David Wadsworth, the trustee, objected to Makeen's amended schedules, arguing that the stock-in-trade exemption cannot apply to real property. The bankruptcy court agreed and sustained Wadsworth's objection. Makeen appealed that ruling to the United States District Court for the District of Colorado, which affirmed. He then brought this further appeal before us.

## II.     ANALYSIS

### A.     Wadsworth's Timeliness

On appeal, Makeen argues for the first time that the bankruptcy court should have overruled Wadsworth's objection as untimely. As noted above, Makeen first claimed his rental properties as stock in trade in a May 2020 amended schedule. The Bankruptcy Rules say that a party who wants to object to an amended exemption must file the objection "within 30 days after [the] amendment to the list or supplemental schedules is filed." Fed. R. Bankr. P. 4003(b)(1). Wadsworth did not file an objection within thirty days of the May 2020 amendment.

But Makeen filed another amendment in March 2021, again claiming the rental properties as exempt, and Wadsworth objected within thirty days of that. Makeen argues, however, that his March 2021 amendment was not actually an "amendment" because nothing changed between the May 2020 and March 2021 schedules. In other words, although he checked the box for "Check if this is an amended filing," R. vol. 1 at 216, he now claims his March 2021 schedules did not change anything and did not reopen the thirty-day objection window. Therefore, the bankruptcy court should have resolved the issue against Wadsworth on timeliness grounds.

3

In response, Wadsworth points out Makeen's failure to raise this argument either with the bankruptcy court or the district court. Wadsworth therefore asks us to deem the argument waived. *See, e.g.*, *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) ("Arguments that were not raised below are waived for purposes of appeal." (internal quotation marks omitted)).

In reply, Makeen says the thirty-day objection window is jurisdictional, *i.e.*, non-waivable. In support, he cites *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), but this decision has no relevance here.

In *Taylor*, the debtor expected to win damages in an ongoing lawsuit and claimed those forthcoming damages as exempt. *Id.* at 640. The trustee decided not to object because he doubted the debtor would recover, or at least not recover enough to make the objection worthwhile. *Id.* at 641. But the debtor ultimately settled for $110,000, most of which went to her lawyers. *Id.* The trustee then sued the lawyers in bankruptcy court, demanding they turn over that money. *Id.* The bankruptcy court allowed the lawsuit and ruled for the trustee, *see id.*, but the Supreme Court ultimately held that Bankruptcy Rule 4003's thirty-day objection requirement barred the trustee's belated attempt to recover the money, *id.* at 643–44.

*Taylor* never said the thirty-day window is jurisdictional, and *Taylor* is not on-point regardless. Again, in March 2021, Makeen filed what he represented to be an amended schedule. Rule 4003 allows for objections within thirty days of an amendment, and Wadsworth filed an objection within that timeframe. Makeen gives us no authority for the claim that he can retroactively declare his amended schedule

4

to be a non-amendment because he did not actually change anything. Thus, even if the thirty-day window is jurisdictional (and we express no opinion on that), Wadsworth filed within thirty days. For this reason, we reject Makeen's timeliness argument.

## B.    Stock in Trade

Makeen's exemption claim turns on an interpretation of state law, specifically, what did the Colorado Legislature mean by "stock in trade" in § 13-54-102(1)(i)(I)? We review this type of question de novo. *See Newsome v. Gallacher*, 722 F.3d 1257, 1275 (10th Cir. 2013) ("We review interpretations of state law de novo."); *In re Peterson Distrib., Inc.*, 82 F.3d 956, 959 (10th Cir. 1996) ("[W]e review the bankruptcy court's legal determinations *de novo* . . . ."). Wadsworth bears the burden to show Makeen is improperly claiming the exemption. *See* Fed. R. Bankr. P. 4003(c) ("In any hearing under this rule [governing debtors' exemption claims], the objecting party has the burden of proving that the exemptions are not properly claimed.").

At the outset, we note that the statute does not define stock in trade and the Colorado courts have never said anything specifically including or excluding real estate from that category. Thus, our task is to predict how the Colorado Supreme Court would rule. *See In re Long*, 843 F.3d 871, 875 (10th Cir. 2016). "When a statute does not define a term," the Colorado Supreme Court "assume[s] that the [Colorado Legislature] intended to give the term its usual and ordinary meaning." *Roup v. Com. Rsch., LLC*, 349 P.3d 273, 276 (Colo. 2015). Moreover, "[t]he

5

historical purpose behind Colorado's statutory exemptions is to preserve the debtor's means of support," so Colorado courts "liberally construe exemptions in favor of debtors." *Id.* "But courts cannot invoke the principle of liberal construction to alter the plain meaning of a statute." *Id.*

Wadsworth says that "Black's Law Dictionary does not define 'stock in trade,' however the Merriam-Webster dictionary defines the term to mean 'the equipment, merchandise or materials necessary to or used in trade or business.'" Aplee. Resp. Br. at 16. Wadsworth does not tell us what edition of the Merriam-Webster dictionary he is using, and he is mistaken about Black's Law Dictionary. The Black's definition is "1. The inventory carried by a retail business for sale in the ordinary course of business. 2. The tools and equipment owned and used by a person engaged in a trade. 3. The equipment and other items needed to run a business." *Stock in Trade*, Black's Law Dictionary (11th ed. 2019).

Makeen also offers dictionary definitions. One of them, from a dictionary called the "Cambridge Academic Content Dictionary" (he provides no other details), says that "[l]and is both stock-in-trade and a financial liability." Aplt. Opening Br. at 13–14 (internal quotation marks omitted).

We doubt, however, that we can settle the usual and ordinary meaning of stock in trade by consulting modern dictionaries. Colorado has exempted stock in trade from levy or attachment since its territorial days. *See* Rev. Stat. of Colo., ch. XLVIII, § 33 (1868) (exempting "[t]he tools and implements, or stock in trade of any mechanic, miner, or other person, used and kept for the purpose of carrying on

6

his trade or business"). As we will discuss in more detail below, the statute currently in force traces to 1959, but we have been given no reason to believe the legislature intended some new or additional meaning for stock in trade, rather than simply carrying forward what had already been enacted.[1]

Thus, we believe the first question we must ask is what stock in trade meant around the time the original exemption was enacted—yet finding a definition from the later 1800s is difficult. The term does not appear in Webster's 1865 dictionary. *See* Noah Webster, An American Dictionary of the English Language 1299–1300 (Chauncey A. Goodrich & Noah Porter eds., 1865). The 1871 edition of Bouvier's Law Dictionary does not define the term, but one of its definitions for "stock" is reminiscent of how stock in trade is often defined today: "The goods and wares [a merchant, tradesman, or other person] has for sale and traffic." II John Bouvier, A Law Dictionary 547 (14th ed. 1871). There is also a broader definition, however: "The capital of a merchant, tradesman, or other person, including his merchandise, money, and credits." *Id.* In addition, Bouvier *uses* the term "stock in trade" in *other*

---

[1] An 1892 decision from the Colorado Supreme Court noted that "the words 'stock in trade' in the exemption statute have been held to apply to the merchant or shopkeeper, as well as to the mechanic, and to include the stock of goods kept on sale by the merchant, as well as the tools of the mechanic or miner." *Weil v. Nevitt*, 31 P. 487, 488 (Colo. 1892). Wadsworth argues that Makeen "is not a merchant, shopkeeper or mechanic" and his rental properties "are not stock or tools," so the exemption "does not apply to real property." Aplee. Resp. Br. at 16. We are not persuaded *Weil* answers the question before us. *Weil* addressed whether a saloon keeper's stock of liquor was his stock in trade. *See* 31 P. at 488 (answering in the affirmative). *Weil* did not purport to define the total possible scope of stock in trade, to the exclusion of real estate.

definitions, such as the definition of "assets": "All the stock in trade, cash, and all available property belonging to a merchant or company." I Bouvier at 154.

The first edition of Black's Law Dictionary, published in 1891, is similar to Bouvier's. It does not define the term "stock in trade," but it defines "stock" to include, among other things, "[t]he goods and wares of a merchant or tradesman, kept for sale and traffic," and also, "[i]n a larger sense[,] . . . [t]he entire property employed in business." Henry Campbell Black, A Dictionary of Law 1126 (1891). And Black's also uses "stock in trade" as part of other definitions, including "assets" in the "commercial law" context: "The aggregate of available property, stock in trade, cash, etc., belonging to a merchant or mercantile company." *Id.* at 97.

The fact that these definitions list "stock in trade" separately from "available property" is potentially significant, but we cannot say with certainty that the separation is meant to imply non-overlapping categories—*i.e.*, that "stock in trade" can never be "available property" or vice versa. Nor can we be sure that the dictionary authors had in mind any distinction between real property and personal property.

Absent a clear definition from the era, we find it useful to apply "the well-worn canon of statutory construction *noscitur a sociis*, 'a word may be known by the company it keeps.'" *St. Vrain Valley Sch. Dist. RE-1J v. A.R.L. ex rel. Loveland*, 325 P.3d 1014, 1021–22 (Colo. 2014); *see also Watson v. Lederer*, 19 P. 602, 604 (Colo. 1888) (applying *noscitur a sociis* when interpreting an early version of the exemption statute). As we noted above, since before statehood Colorado has

exempted "[t]he tools and implements, or stock in trade of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business." Rev. Stat. of Colo., ch. XLVIII, § 33 (1868). This exemption persisted until it was repealed in 1959. *Compare* Colo. Rev. Stat. § 77-2-2(6) (1953) *with* Colo. Sess. Laws ch. 164, § 8 (1959) (repealing all of § 77-2-2). Through that same legislation, the exemption was reenacted, restructured, and expanded to cover "[t]he stock in trade, supplies, fixtures, maps, machines, tools, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation . . . ." *Id.* § 2(i). This is essentially the same statute that exists today, although the legislature has since added "electronics" to the list of covered items. *Compare id. with* Colo. Rev. Stat. § 13-54-102(1)(i)(I).

The common thread from the territorial statute until today is that the listed items appear to be personal property, not real property. Or, stated slightly differently, it would be highly unusual if stock in trade—uniquely among all the listed items—included real property as well as personal property. If that had been the intent, then, given the context, we would have expected the legislature to list real property explicitly, rather than leaving it implicit in the concept of stock in trade.

We therefore predict the Colorado Supreme Court would conclude that the Colorado Legislature never intended the stock-in-trade exemption to include real property. Thus, the bankruptcy court properly sustained Wadsworth's objection.

9

## III.    CONCLUSION

We affirm the bankruptcy court.

Entered for the Court

Gregory A. Phillips
Circuit Judge